ODOM, Justice.
 

 E. G. Hinkle, the .plaintiff, leased to D. T. Clements, doing business as the Clements Sand & Gravel Company, 68 acres of land in the parish of Ouachita, for mining purposes, from which land the lessee removed a quantity of sand and gravel on which the severance tax, as required by Act No. 140 of 1922, was not paid. On August 7, 1933, the supervisor of public accounts made a statement under oath showing the amount of severance tax due and caused the same to be recorded in the office of the recorder of mortgages of Ouachita parish, where the lease contract was entered into and where the mining operations were carried on.
 

 .The statement, which was made and recorded in accordance with the provisions of
 
 *178
 
 section 11 of the act, set out that the tax was not paid “by either the Clements Sand & Gravel Company or D. T. Clements, or E. H. Hinkle, the owner of the land from which the natural resource was severed,” and:
 

 “8th. That the said Clements Sand & Gravel Company and/or D. T. Clements
 
 and the said M.
 
 (?.
 
 Hinkle are each legally obligated
 
 to pay the State of Louisiana the said taxes and penalties as shown above.”
 

 The statement sets out further:
 

 “That the above and foregoing statement is made for the purpose of filing the same in the mortgage records of the clerk and ex officio recorder of the Parish of Ouachita so that the same shall operate as a first lien, privilege and mortgage
 
 on all the property from which said natural resources were severed and all the property of the respective tax debtors.”
 
 (All italics ours.)
 

 Plaintiff was notified by the supervisor of public accounts that the statement had been filed and recorded, and, further, that if the amount claimed was not paid within 15 days the sheriff would be authorized to seize and sell his property for the payment of the tax.
 

 Plaintiff brought this suit to prohibit by injunction the seizure and sale of his property for the payment of the tax, alleging that the severance tax was due by the lessee, who severed the natural resources from the land, and not by him, the owner of the land and lessor. He prayed that the lien, privilege, and mortgage resulting from the recordation of said sworn statement be canceled and erased from the records.
 

 There was judgment in favor of plaintiff as prayed for, especially decreeing that he owed no severance tax, but that the same was due by the lessee. The sheriff and supervisor of public accounts were permanently and perpetually enjoined from proceeding with the seizure, advertisement, and sale of plaintiff’s property for the payment of the tax.
 

 The defendants appealed from, this judgment.
 

 The plaintiff Hinkle owns the land from which the sand, gravel, etc., was severed by the lessee Clements. The lease contract entered into between the parties provides that the consideration and rental which the lessee binds and obligates himself to pay for the lease is as follows: 7% cents per cubic yard for pit run or road gravel; 10 cents per cubic yard for washed gravel; and 7% cents per cubic yard for washed sand.
 

 This lease contract is not distinguishable from the one which we considered in the recent case of Brewer v. Forest Gravel Co., Inc., 172 La. 828, 135 So. 372, 373, where we said:
 

 “It seems to us clear that the parties meant that the sand and gravel should become the exclusive property of the defendant as soon as the same were severed from the soil, and that plaintiff should have no ownership therein, but only a claim for his rent. Cf. Logan v. State Gravel Co., 158 La. 105, 106, 103 So. 526.”
 

 In that case we said also:
 

 “In our opinion, Act No. 140 of 1922, very clearly lays the ultimate burden of said tax upon the person or persons who become the owners of said natural resources immediately upon their severance from the soil. See sections 1 and 7. And it matters not whether
 
 *180
 
 the person who does the actual severing from the soil must account to such owner in kind or in money.”
 

 The moment that Clements, the lessee, severed the sand and gravel from the land, he became the owner of it, and it was he and not Hinkle, the lessor, who owed the tax.
 

 The case of Brewer v. Forest Gravel Co., Inc., is on all fours with the one at bar. See, also, Wright et al. v. Imperial Oil & Gas Products Co., 177 La. 482, 148 So. 685.
 

 Counsel for defendants say in their brief that the Brewer Case is distinguishable from this one because there the controversy was between the lessor and lessee as to who should pay the severance tax, and that the state was not involved in the litigation. The fact that the state was not involved in that litigation does not in any sense distinguish that ease from this one in principle. The question there was whether the owner of land from which natural resources are severed 'under a lease contract, stipulating that the lessee should pay to the lessor a certain price per unit of the resource severed, should pay the severance tax. We held that the tax was due, not by the owner of the land, but by the lessee who actually severed the resources from the soil. The identical question is involved in the case at bar, and we reaffirm our ruling in the Brewer Case.
 

 The lease contract in this case provides that: “Not later than the 10th day of each calendar month during the life of this lease, lessee shall furnish to lessor a detailed statement of all sand, gravel and over-burden mined and loaded during the preceding month, listing each car, number and weight, and shall make payment at the same time, all rentals or royalties due for such preceding month.”
 

 Counsel for appellants argue that, inasmuch as the rentals were to be paid only at the end of each month, the lessee would not become the owner of the resources severed until paid for and removed from the premises.
 

 Wé are not called upon to say what effect as to ownership that stipulation in the lease contract had as between the parties themselves. With that we are- not concerned. We have held that, under the act which requires the payment of a severance tax, the lessee or party who severs the resources from the soil becomes the owner of them the moment that the severance takes place, and that the tax is due when the ownership springs into existence.
 

 For the reasons assigned, the judgment appealed from is affirmed.