PER CURIAM.
Appeals were perfected in the present and in a companion suit, Riels v. Liberty Universal Insurance Company, La.App., 233 So.2d 258. A motion to dismiss was filed in the latter appeal and was sustained by us this date.
In connection with disposition of the motion to dismiss in the companion suit, we note of our own motion the absence of a final judgment in the present appeal. When there is no signed final judgment, an appeal is premature and must be dismissed by the court on its own motion. See Gay v. Gay, La.App.3d Cir., 193 So.2d 537.
The District Court tried the consolidated suits on April 15, 1969 and took them under advisement. On September 2 the court rendered a full opinion discussing the facts and holding that the negligence of the present defendants’ driver was the sole cause of the accident.
This three-page document was entitled “Judgment”. It concluded with a decree for judgment in favor of the plaintiffs and against the defendants. It was read, rendered, and signed in open court.
Nevertheless, although captioned “Judgment”, the major part of the document was really the “Reasons for Judgment”. It was thus listed by the district clerk in the index to the appellate record, incidentally.
If the document was intended to be a final judgment as well as the reasons therefor, it was rendered in violation of LSA-C.C.P. Art. 1918 (1960): “A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.” (Italics ours.)
This 1960 code provision was adopted to end the confusion and difficulty resulting from former practices similar to that followed herein, in ascertaining the date of final judgment, which date determines many procedural delays and substantive rights. See Abramson v. Piazza, La.App. 3d Cir., 198 So.2d 565.
The post-1960 jurisprudence has exacted strict compliance with this code requirement. Under similar circumstances, the courts have dismissed appeals as premature where a document purports to include both full reasons for judgment as well as the decree itself. These rulings have been followed, even where the combined document has identified itself as a “judgment”. Deason v. State Farm Mutual Auto. Ins. Co., 204 So.2d 428 (La.App.3d Cir., 1967); Verret v. Calcasieu Parish School Board, 200 So.2d 791 (La.App.3d Cir., 1967).
Accordingly, all appeals taken in the present matter must be dismissed as premature, in the absence of a signed formal judgment. This dismissal is, of course, without prejudice to the taking and perfecting of new appeals after effective final judgment is rendered herein.
Appeal dismissed.