On Motion to Dismiss Appeal

En Banc.
PER CURIAM.
The defendant, Liberty Universal, moves to dismiss the plaintiff’s appeal — essentially because the plaintiff did not file an appeal bond timely.
The plaintiff wife sues her husband’s liability insurer (Liberty Universal), alleging that her husband might have been solely or contributorily negligent in a two-car collision. The other vehicle was driven by Mrs. William Howell. Liberty Universal filed a third-party demand against Mrs. Howell, her husband, and their liability insurer in order to recover one-half of any judgment that might be rendered against it. (Liberty Universal of course alleges that Mrs. Howell’s negligence at least contributed to the accident.)
The present suit was filed as a precautionary companion suit, in connection with another action. In the other suit, both Mr. and Mrs. Riels sued the Howells and their insurer, alleging that Mrs. Howell’s negligence was the sole proximate cause of the accident.
Both suits were consolidated for trial. After hearing evidence, the trial court held that Mrs. Howell’s negligence was the sole cause of the accident and rendered judgment against her insurer in a substantial amount. The defendant insurer in the earlier suit appealed.[1]
In the present suit, Mrs. Riels devolu-tively appeals the dismissal of her claim. *259 Liberty Universal also appeals from the dismissal of its third-party demand (in order to protect itself in the event the reviewing court finds on this appeal that the husband Riels’ negligence was a cause of the accident).
The confusion in this record results from the consolidation of the two suits. As corrected by supplemental records filed in this court, the records in the two suits show all orders of appeal above described.
With regard to the appeal by the plaintiff Mrs. Riels in this suit, the record shows that a bond for devolutive appeal was filed by the Riels, husband and wife, in the earlier suit. Tr. 86, Docket No. 3059.
However, the date of the final judgment in the present suit is September 19, 1969, and the deputy clerk certified that notice of judgment was mailed that same date. The plaintiff’s appeal bond was not filed until January 14, 1970.
A devolutive appeal must be taken and perfected by the filing of bond (where required), within ninety days of “the expiration of the delay for applying for a new trial”, where (as here) no application for new trial has been filed timely. LSA-C.C.P. Art. 2087(1). A party may apply for new trial in the District Court within three days, exclusive of legal holidays, of the mailing of the notice of judgment, such delay to commence running on the day after the clerk has mailed such notice. LSA-C. C.P. Art. 1974.
In this case, the final judgment was signed and the notice of judgment was mailed on September 19, 1969, a Monday. The plaintiff had three days within which to apply for a new trial, so the delay to do so expired on September 22. The ninetieth (90th) day thereafter was December 21, 1969.
The plaintiff’s bond to perfect a devolu-tive appeal was not filed until January 14, 1970, some twenty-three days afterwards. Pretermitting whether the appeal bond miscaptioned for the other suit could perfect the present appeal, at the time the bond was filed the delay for perfecting the devolutive appeal had expired.
This appeal was not timely perfected and must therefore be dismissed.
Appeal dismissed.

. The earlier suit was entitled Joel L. Riels v. William G. Howell, Docket No. 13,515, Concordia Parish, Docket No. 3059, this court. (The present suit is Docket No. 13,516, Concordia Parish, Docket No. 3070, this court.) For different reasons, we are dismissing this companion appeal also this date. 233 So. 2d 256.