ON MOTION TO DISMISS APPEAL
DOMENGEAUX, Judge.
In the district court, defendant Travelers Insurance Company was granted a summary judgment dismissing plaintiff’s action as to it. From this judgment, plaintiff has appealed to this court.
Plaintiff Earl Balizar has now filed a motion to dismiss his appeal on the ground that the summary judgment against him and in favor of Travelers Insurance Com *419 pany has not been signed and placed in the record.
A careful search of the record and a check with the Clerk of the Ninth Judicial District Court has revealed that, ib fact, no formal judgment separate ana apart from the written reasons of the district judge granting the motion for summary judgment was ever signed or read and rendered in open court in this matter.
Article 1918 of the Code of Civil Procedure states:
“A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.”
There is ample jurisprudential authority interpreting this article which points out that the trial judge’s written reasons for judgment do not constitute a final judgment from which an appeal would lie. Fisher v. Rollins, 231 La. 252, 91 So.2d 28; Anderson v. Nugent, La.App., 16 So.2d 282; Deason v. State Farm Mutual Automobile Insurance Co., La.App., 204 So.2d 428; Abramson v. Piazza, La.App., 198 So.2d 565.
The record in this case contains only the trial judge’s signed written reasons for judgment. In contravention of the aforementioned Article 1918 there is no separate formal judgment which has been read, rendered and signed in the instant case. Thus, the appeal herein is premature, and this appeal must therefore be dismissed without prejudice so as to allow a proper judgment to be signed by the district judge.
For the reasons assigned, this appeal is dismissed without prejudice at the cost of plaintiff-appellant.
Appeal dismissed.