HOOD, Judge.
The original defendant, Collector of Revenue of the State of Louisiana, appealed from what it considered to be a final judgment of the trial court. We have concluded that an appealable judgment has not been rendered in this case, and for that reason the appeal must be dismissed.
Plaintiff, T. R. Bartlett, d/b/a South Rapides Gravel Company, appealed to the Board of Tax Appeals of the State of Louisiana for a redetermination of an assessment of severance taxes made by the Collector of Revenue. That proceeding was instituted under the provisions of LSA-R.S. 47:1431. After a hearing, the Board of Tax Appeals rendered judgment in favor of Bartlett.
The Collector of Revenue, pursuant to LSA-R.S. 47:1434, then filed a petition with the district court, seeking a review of the judgment of the Board of Tax Appeals, and praying that the judgment of that board be reversed, and that the original assessment of severance damages made by the Collector of Revenue be affirmed. After trial the district judge handed down a “Per Curiam” on September 29, 1971, which reads: “The court is of the opinion that the decision of the Board of Tax Appeals is correct and it is therefore affirmed.” The court minutes of September 29, 1972, contain the following entry relating to this case: “For the written reasons this day handed down the decision of the Board of Tax Appeals is correct and it is therefore affirmed.”
Although the “per curiam” was signed by the district judge, the record does not *749 show that it was ever “read and signed by the trial judge in open court,” as required by LSA-C.C.P. art. 1911. No other judgment or written decree purporting to affirm the judgment of the Board of Tax Appeals has ever been rendered or handed down in this case. Defendant, Collector of Revenue, appealed.
The law provides that a final judgment shall be identified as such by appropriate language, and that when written reasons for judgment are assigned, they shall be set out in an opinion separate from the judgment. LSA-C.C.P. art. 1918. Generally, all final judgments must be read and signed by the judge in open court. LSA-C.C.P. art. 1911.
We find, and both parties to this action agree, that the “per curiam” which was handed down by the trial judge constituted only his “written reasons” for judgment, and that a final judgment has not been rendered in this case.
When there is no signed final judgment, an appeal is premature, and it must be dismissed by the court on its own motion. Riels v. Howell, 233 So.2d 256 (La.App. 3 Cir. 1970); Baltzar v. Williams, 248 So.2d 418 (La.App. 3 Cir. 1971); Guidry v. Seacoast Products, Inc., 214 So.2d 904 (La.App. 3 Cir. 1968).
We conclude that the appeal taken in this case by defendant, Collector of Revenue, is premature, and that it thus must be dismissed. The dismissal, however, should be without prejudice to the right of either party to have a final judgment read and signed, and to the right of any aggrieved party thereafter to take and perfect a timely appeal. ;
For the reasons assigned, this appeal is dismissed, without prejudice. That portion of the costs of this appeal which legally may be assessed to the Collector of Revenue, if any, are assessed to that defendant-appellant.
Appeal dismissed.