SCHOTT, Judge.
This matter .is before us on a Motion to Remand by Local Union No. 130, International Brotherhood of Electrical Workers, defendant-appellant. The contention is that the judgment appealed from does not qualify as a final judgment upon consideration of the provisions of LSA-C.C.P. Art. 1918, which provides as follows:
“A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned,' they shall be set out in an opinion separate from the iudgment.”
The document in question contains the title and number of the case in the District Court and is entitled “JUDGMENT.” It contains almost two pages of reasons and closes with the following:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Marshall Hinch-man, and against defendant, Local Union # 130, International Brotherhood of Electrical Workers, in the full sum of $30,842.00 together with legal interest thereon from date of judicial demand until paid and for all lawful costs.
“Judgment read, rendered and signed in open court at Hahnville, Louisiana, this 14th day of December, 1972.”
It is then signed by the trial judge.
Appellant relies on Riels v. Howell, 233 So.2d 256 (La.App. 3rd Cir. 1970) and Deason v. State Farm Mutual Automobile Insurance Company, 204 So.2d 428 (La. App. 3rd Cir. 1967). If we agreed with these decisions we would grant appellant’s motion, but we do not construe Art. 1918 as did our brothers on the Third Circuit in the cited cases.
The first sentence of the article requires that a final judgment be identified as such’ by appropriate language and we do not find any deficiency in the judgment appealed from in that respect. It contains the identifying title of “Judgment” and concluding paragraphs with language appropriate to a final judgment. The second sentence of the article is a mandate to the trial judge that when written reasons are assigned they must be set out in a separate opinion, and while it is clear that the trial judge in the instant case has violated this mandate it does not follow that the inclusion of the written reasons in an otherwise valid judgment has the effect of nullifying or rendering ineffective that judgment.
The Third Circuit in the Riels case characterized its action as a logical development of the jurisprudence to end “the confusion and difficulty resulting from former practices similar to that followed herein, in ascertaining the date of final judgment,” and cited Abramson v. Piazza, 198 So.2d 565 (La.App. 3rd Cir. 1967) as an example of such. But the Abramson case is clearly distinguishable from the Riels case and the instant case because the purported judgment under consideration in Abramson was by its own terms not a formal judgment. It was labeled an “opinion” and contained in the decretal portion of the judgment the language “let there be formal judgment herein, denying the demands of the plaintiff at his cost.” Therefore, it did not *80 qualify as a final judgment under the clear terms of the first sentence of Art. 1918. But in the instant case, that deficiency does not exist and the trial judge’s inclusion of his reasons addresses itself to the propriety of the form of his written reasons and not to the finality or effectiveness of his judgment.
To remand this case under these circumstances and at this time long after the matter was adjudicated to a final conclusion in the trial court, after defendant has perfected its appeal and plaintiff answered that appeal so that this case is now awaiting a hearing on the merits in this Court would do violence to the letter and the spirit of LSA-C.C.P. Art. 5051 which provides as follows:
“The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.”
Accordingly, the motion to remand is denied.
Motion denied.