285 So.2d 346 (1973)
T. R. BARTLETT, d/b/a South Rapides Gravel Company, Plaintiff-Appellee,
v.
COLLECTOR OF REVENUE, Defendant-Appellant.
No. 4338.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
Rehearing Denied December 7, 1973.
Golden Mills, Baton Rouge, for defendant-appellant.
Garrett & Ryland, by B. Dexter Ryland, Alexandria, for plaintiff-appellee.
Before FRUGE, SAVOY and DOMENGEAUX, JJ.
SAVOY, Judge.
T. R. Bartlett d/b/a South Rapides Gravel Company is engaged in the business of mining sand and gravel on lands in the Kisatchie National Forest, located under a lease from the Federal Government. On May 20, 1969, the Collector of Revenue for the State of Louisiana mailed Bartlett a notice of assessment for Louisiana severance tax, for removal of gravel from said lease for a stated period in the sum of $1,603.98 together with penalty and interest on the principal sum. Bartlett filed a petition with the State Board of Tax Appeals for a review of the above assessment. After a hearing, the board determined that Bartlett did not owe any severance tax to the state. The Collector of Revenue filed a petition in the district court for a review of that decision. After a hearing, the district judge affirmed the Board of Tax Appeals' decision. The Collector appealed. This court dismissed the appeal without prejudice for the reason that there was no signed judgment in the case. 276 So.2d 748. Thereafter, a final judgment was signed in the district court and the Collector appealed.
*347 The facts are not at issue. The issues raised on appeal are legal in nature and are:
1. Whether the state may impose a severance tax on gravel operations in a national forest.
2. Whether the plaintiff-appellee is the owner of the gravel at the time it is extracted from the ground.
3. Whether or not the payment by the federal government of 25% of its royalties received to the parish from whence the gravel came is in lieu of taxes.
We will discuss the first issue raised by appellant, namely, whether the State of Louisiana may impose a severance tax on gravel operations in a national forest. Appellee argues that Louisiana is without jurisdiction to tax gravel operations in a national forest and cites as authority therefor, Mississippi River Fuel Corporation v. Cocreham, 382 F.2d 929 (5 Cir. 1967).
In Mississippi River Fuel, plaintiff had leased Barksdale Airbase for the purpose of exploring for oil and gas. Production of oil and gas was found on the base, and the Collector of Revenue assessed a severance tax on the oil and gas produced under said lease. Mississippi Fuel paid the tax under protest and filed suit to recover the amount so paid. The district judge ruled in favor of the Department and plaintiff appealed. On appeal the district court judgment was reversed. The Court of Appeal held that Barksdale, being an Air Force Base, was under the exclusive jurisdiction of the Federal Government, and the State of Louisiana could not collect a severance tax on any oil and gas produced on the base, citing as authority for its holding, Art. 1, Sec. 8, Clause 17 of the United States Constitution, which provides in part:
"`The Congress shall have Power To exercise exclusive Legislation in all Cases whatsoever * * * over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings * * *.'"
The Mississippi River Fuel case is distinguished from the instant case in that a national forest is governed by LSA-R.S. 56:1483 and 16 U.S.C.A., Sec. 480; whereas, the Mississippi Fuel case dealing with a military installation is governed by the above cited Article of the United States Constitution.
Under both of the above quoted Acts, the State of Louisiana and the United States Congress have concurrent jurisdiction over national forests in this state.
In Wilson v. Cook, 327 U.S. 494, 66 S.Ct. 663, 90 L.Ed. 793, the Supreme Court held that plaintiffs who severed lumber, under contract with the United States, from land held by it as the original owner, were not immune from the Arkansas severance tax. In the Arkansas statute, as in the one in the instant case, there was a provision that the state should retain concurrent jurisdiction with the United States, with regard to land acquired by purchase by the United States, with the consent of the State of Arkansas. The Court further said that by Federal statute, Congress had declined to give the United States exclusive jurisdiction over national forests. We conclude that the state may levy said tax.
The next issue for determination is whether appellee is the owner of the gravel at the time it is extracted from the ground. Appellee contends that under the terms of the lease with the United States, he does not become the owner of the gravel until it is mined and removed from the lease hold. The royalty provision in the lease states:
Royalty; to pay the royalty to the lessor within 30 days after the end of each calendar month for the material mined and removed from the lease hold during the calendar month.
*348 The cases of Brewer v. Forest Gravel Co., 172 La. 828, 135 So. 372 (1931) and Hinkle v. Grosjean, 181 La. 175, 159 So. 314 dealt with similar provisions in gravel leases as in the case at bar, and our Supreme Court held that lessee became the owner and owed severance tax the moment the sand and travel were severed from the ground. This contention is without merit.
We next address ourselves to the last issue in the case; whether the payment to the parish or county where the land is situated, of 25% of all monies received by the National Forest Service as provided by 16 U.S.C.A., Sec. 500, was in lieu of taxes.
Appellee contends that the provisions of 16 U.S.C.A., Sec. 500 wherein the National Forest Service remits 25% of all monies received by it to the state for stumpage payment for the benefits of the county or counties (parishes) where the national forest is situated, is in lieu of any tax imposed by the state. In Trinity Independent School District v. Walker County, Tex. Civ.App., 287 S.W.2d 717; Tree Farmers, Inc. v. Goeckner, 86 Idaho 290, 385 P.2d 649 (1963), and Georgia Pacific Corporation v. County of Mendocino, 340 F.Supp. 1061 (D.C.1972), the courts held that the payment made under 16 U.S.C.A., Sec. 500 is not in lieu of taxes.
In Trinity the court held that a:
Federal statute allocating percentage of proceeds of national forests to state for counties containing such federal forest land, does not evidence intention of Congress to make payments in lieu of taxes, but rather friendly purpose to create trusts for benefit of counties in which national forests are located, in recognition of national interest in education and road building.
In Tree Farmers, the court held:
Receipt by county of 25% of all monies received by National Forest Service for stumpage payments made in accordance with contract between log purchaser and the Forest Service was not in lieu of taxes but was in nature of an assistance grant.
In Georgia Pacific, the court discussed the Federal statute and decisions in connection with the subject matter and held:
[That a] Federal statute which provides that 25% of money received from national forests are to be paid to state in which forest is located to be expended by state legislature for benefit of public schools and public roads and counties in which forests are situated does not limit power of state to impose possessory interest tax on private interests in national forest lands. The court cited West's Ann.Cal.Rev. & Tax. Code, Sec. 102; 16 U.S.C.A. Sections 480 and 500.
In view of the ruling made by the Federal Court and State Courts of Idaho and Texas, we hold that the payments made by the Federal Government under the provisions of 16 U.S.C.A. Sec. 500 are not in lieu of taxes.
For the reasons assigned, the judgment of the district court is reversed, and accordingly, judgment is rendered in favor of the Collector of Revenue of the State of Louisiana and against plaintiff, setting aside the judgment of the Board of Tax Appeals and the judgment of the district court. The case is remanded to the district court for reception of evidence so that it may determine the amount owing the Department of Revenue by plaintiff, T. R. Bartlett d/b/a South Rapides Gravel Company.
Costs of this appeal and costs incurred in the district court are assessed to appellee.
Reversed and remanded.