292 So.2d 717 (1974)
Marshall HINCHMAN
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION #130.
No. 54161.
Supreme Court of Louisiana.
March 25, 1974.
Jack N. Rogers, Baton Rouge, for plaintiff-respondent.
Leonard A. Washofsky, Victor H. Hess, Jr., Jackson & Hess, New Orleans, for defendants-applicants.
*718 DIXON, Justice.
Plaintiff-respondent, Marshall Hinchman, filed suit for damages against a local union and its international for alleged wrongful action in expelling him from their organizations. After a trial on the merits the district judge filed a "judgment" on December 14, 1972 containing two pages of written reasons, followed by a decree, awarding damages to plaintiff against applicant-relator, Local Union # 130. The document is silent as to the co-defendant, International Brotherhood of Electrical Workers (IBEW). The union appealed, and plaintiff also filed a devolutive appeal as to the implicit dismissal of the IBEW. After the record was lodged in the Court of Appeal the union filed a motion to remand the case to the trial court since the "judgment"[1] upon which the appeal was founded consisted of reasons for judgment coupled with a decree, a practice that violated C.C.P. 1918 which states:
"A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." (Emphasis added).
The Court of Appeal denied the motion. 284 So.2d 78 (La.App. 4th Cir. 1973). We granted writs to resolve a conflict between the circuits.
Petitioner cites cases from the Third Circuit to support its position that a final judgment is null when it contains written reasons. Riels v. Howell, 233 So.2d 256 (La.App. 3rd Cir. 1970); Deason v. State Farm Mutual Automobile Insurance Co., *719 204 So.2d 428 (La.App. 3rd Cir. 1967); Verret v. Calcasieu Parish School Board, 200 So.2d 791 (La.App. 3rd Cir. 1967); Abramson v. Piazza, 198 So.2d 565 (La. App. 3rd Cir. 1967). Since the trial judge who rendered the reasons for judgment and the decree is no longer on the bench, the union contends that his successor should review the entire record and hear argument in accordance with the provisions of R.S. 13:4209.
The Court of Appeal relied on C.C.P. 5051 which states:
"The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves."
Article 1918 C.C.P. was enacted to suppress confusion and to prevent the recording of lengthy opinions. 35 Tul.L. Rev. 578, 583 (1961). It was also adopted to avoid the problem presented in Anderson v. Nugent, 16 So.2d 282 (La.App. 2d Cir. 1944), and thereby insure that the contested subject matter is definitively disposed of by decree. The "problem presented" in Anderson v. Nugent, supra, is not presented in the instant case.
In Anderson v. Nugent, supra, the trial judge prepared and signed on March 19, 1943 an opinion which concluded: "Accordingly, the exception is sustained and plaintiff's suit dismissed at his cost." On September 25, 1943 a judgment in the usual form was read, signed and filed in open court. One litigant contended, on appeal, that the opinion was the judgment, a contention rejected by the Court of Appeal, which stated:
". . . we conclude that the reasons for judgment, notwithstanding the inclusion of a decree therein, cannot be considered as a proper and final judgment in the absence of some showing that the other requirements embodied in Article 543 of the Code of Practice, supra, have been met." (16 So.2d 282, 283).
We agree that the trial judge's disregard for this article's mandate in the instant case did not nullify the judgment. Normally it is simple enough to remand the case for a separate judgment. Even this procedure, however, constitutes a waste of valuable court time.
Except for the inclusion of reasons, this instrument contains the essentials of a judgment. The document rendered on December 14, 1972 determines the rights of the parties and awards the relief to which they are entitled. C.C.P. 1841. The final judgment was read and signed by the judge in open court. C.C.P. 1911. The instrument is identified as a final judgment by appropriate language. C.C.P. 1918.
The object of C.C.P. 1918 was to distinguish between an opinion and a judgment in the trial court, and to separate the two. As pointed out in the redactor's comment to C.C.P. 1918, ". . . the form and wording of judgments is not sacramental." There is no indication of an intention, nor a reason to intend, that a judgment, identified as such and complete in every respect, is to be considered "not a judgment" merely because it contains surplus language. We are not relegated to such sanctions (which could be severe and far-reaching, such as bastardizing children of divorced parents) in order to enforce the requirements of C.C.P. 1918. Civil courts are much more flexible than criminal courts under the existing procedures, and are not relegated to reversing the trial court when error is committed. See Deason v. State Farm Mutual Automobile Insurance Co., supra, where the absence of a proper judgment was noted after argument in the Court of Appeal; the case was remanded with the note that it would be decided by the Court of Appeal without further argument after a proper judgment was received.
The mechanical application of C.C.P. 1918 is not indicated, and, as considered by the Court of Appeal, is not consistent with *720 the spirit of C.C.P. 5051. Consequently, insofar as they conflict with this opinion, the following cases are overruled: Riels v. Howell, 233 So.2d 256 (La.App. 3rd Cir. 1970); Deason v. State Farm Mutual Automobile Insurance Co., 204 So.2d 428 (La.App. 3rd Cir. 1967); Verret v. Calcasieu Parish School Board, 200 So.2d 791 (La.App. 3rd Cir. 1967). There is no need to overrule Abramson v. Piazza, 198 So.2d 565 (La.App. 3rd Cir. 1967), since the final judgment was inadvertently omitted from the original appellate record, and the Court of Appeal granted plaintiff's motion for rehearing.
We hold that the language contained in the second sentence of C.C.P. 1918 is precatory, and does not render invalid a judgment which is complete and valid except for the inclusion of reasons.
Therefore, the judgment of the Court of Appeal is affirmed, and the case is remanded for further proceedings.
BARHAM and MARCUS, JJ., concur.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice (dissenting).
The clear import of the language of C. C.P. Art. 1918 is that reasons for judgment be in an opinion separate from the judgment. The cases of Riels v. Howell, 233 So.2d 256 (La.App. 3rd Cir. 1970), Deason v. State Farm Mutual Automobile Insurance Co., 204 So.2d 428 (La.App. 3rd Cir. 1967) and Verret v. Calcasieu Parish School Board, 200 So.2d 791 (La.App. 3rd Cir. 1967) correctly recognize the function of Art. 1918. The majority opinion resurrects the problem which Article 1918 was designed to correct.
I respectfully dissent.
NOTES
[1] "JUDGMENT

"Plaintiff seeks damages against Local Union 130 of the International Brotherhood of Electrical Workers alleging that he was unjustly dismissed from his job and that he was a victim of harassment at the hands of certain agents of defendant union. The trial on the merits was an extensive one, but this court feels that the issues have been narrowed to a determination of whether or not plaintiff was wrongfully treated as he alleged.
"From all of the evidence it is the conclusion of this court that the facts are in favor of the plaintiff, that he showed he was a victim of dictatorial and unreasonable harassment, that as a consequence that he suffered a loss or a reduction of his income, and that he was harassed and intimidated. This is pretty well borne out by the testimony of Mr. Curtis Chauvin, the person for whom he was working as a foreman when the difficulties with the local union defendant began. It is the position of this court that Mr. Chauvin was a disinterested witness, one who was in a position without bias and that he himself made every effort to perfect a harmonious relationship with the local union.
"There was further testimony by Mr. Charles Spurgeon and Mr. George Hotard which corroborated to some extent the allegations that plaintiff was the subject of certain threats and certain intimidations. It is felt that the trial conducted upon the charges leveled against plaintiff by the local union was one which did not afford him his full constitutional rights and was not conducted in a spirit of complete fair play.
"It was found that for the years 1967 and 1968 plaintiff's income was substantially the same during which he earned an average yearly income of $13,480.00, but the evidence bears out that plaintiff suffered substantially a decrease in his income beginning in 1969 when he sustained a loss of approximately $12,000.00. In the year 1970 he sustained a loss in income of $4,986.00 and in the year 1971 he sustained a loss of $3,856.00, for a total of $20,842.00.
"It cannot be said that the above reduction in income was not directly related to the difficulties that plaintiff experienced in having lost employment and having lost his credentials with the defendant local union.
"Accordingly, he is being awarded the sum of $20,842.00 as lost income and an additional sum of $10,000.00 general damages.
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Marshall Hinchman, and against defendant, Local Union #130, International Brotherhood of Electrical Workers, in the full sum of $30,842.00 together with legal interest thereon from date of judicial demand until paid and for all lawful costs.
"Judgment read, rendered and signed in open court at Hahnville, Louisiana, this 14th day of December, 1972.
 "s/ Morris G. Becnel 
 JUDGE, Division B"