GUIDRY, Judge.
MOTION TO DISMISS
The defendants-appellees, Dr. J. Robert Rivet and Hartford Fire Insurance Company, move to dismiss the devolutive appeal of intervenor-appellant, Travelers Insurance Company, on the ground that the appeal was not timely perfected.
On December 16, 1982, a jury verdict was rendered in favor of the defendants. Judgment in accordance with the jury verdict was signed on January 13, 1983. The plaintiff, Charles W. Simar, timely filed a “Motion for Judgment Notwithstanding the Verdict and for New Trial.” On October 7, 1983, the trial court filed into the record written reasons for denying the plaintiff’s application for relief. On October 10, 1983, the Clerk of Court mailed and served on all parties a certified copy of the written reasons of denial. For the written reasons assigned on October 7, 1983, the trial court signed a judgment denying the plaintiff’s application for a new trial on February 14, 1984. On April 10, 1984, the intervenor-ap-pellant filed an appeal from the final judgment rendered on December 23, 1982, and signed on January 13, 1983, and from the denial of plaintiff’s application for a new trial.
The defendants contend that the inter-venor’s application for an appeal is untimely as the appeal was not timely perfected within sixty days of the expiration of the delay for applying for a new trial, LSA-C. C.P. Article 2087. The intervenor did not apply for a new trial. Therefore, the defendants contend that the intervenor’s application for an appeal filed on April 10, 1984 is untimely.
Although the intervenor did not apply for a new trial, the plaintiff's application for a new trial suspended the running of appellate delays for the intervenor. In Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La.1973), the Supreme Court concluded that a new trial application by one party does not necessarily extend another party’s delay for appealing. However, where the issues are interrelated to the extent that one party’s motion and the trial court’s action thereon substantially affect the nonmoving party or parties the application for rehearing by one will extend the delay for taking an appeal for all parties. In Bantin v. State, Through Dept. of Transportation, Etc., 411 So.2d 63 (La.App. 3rd Cir.1981), this court applied Thurman, supra, and found the timely filing of an application for new trial by two defendants suspended the running of appellate delays to the defendant who did not apply for a new trial. The court reasoned that the granting of a new trial to one defendant would affect the other defendants because all three defendants were held to be solidarily liable. In the instant case, the plaintiff’s motion for a new trial affects the intervenor as the intervenor claims to be subrogated to the plaintiff’s rights. Therefore, the plaintiff’s motion for a new trial suspended the running of appellate delays, as to the intervenor who did not apply for a new trial.
Although the appellate delays were suspended by the plaintiff’s motion for a new trial, the intervenor did not timely perfect *6 its devolutive appeal. Louisiana Code of Civil Procedure Article 2087 provides in pertinent part as follows:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:

(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
The intervenor entitled to notice of the court’s refusal to grant plaintiff’s new trial application as the minute entry of September 29, 1983, shows a hearing was held for the new trial application and the matter was taken under advisement. Louisiana Code of Civil Procedure Article 1914 provides in pertinent part as follows:
“A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel;
C. If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.

Therefore, the delay for appealing commenced to run against the intervenor on the date of the mailing of the notice of the trial court’s refusal to grant a new trial.
As previously stated, the plaintiff's application for a new trial was denied in the written reasons of the trial court rendered and filed into the record on October 7, 1983. The Clerk of Court certified on the Reasons for Ruling that a certified copy of the reasons were mailed and served on all parties on October 10, 1983. A judgment denying a new trial need not be written or signed. It is sufficient that it be made as a minute entry. Burleigh v. State Farm Ins., 453 So.2d 321 (La.App. 3rd Cir.1984); Boyd v. Fourchon, Inc., 408 So.2d 380 (La.App. 1st Cir.1981); Reed’s Elec. Co. v. Royal Furniture Co., Etc., 401 So.2d 416 (La.App. 1st Cir.1981). Although the trial court did not make a minute entry of its denial of plaintiff’s new trial application, the Clerk of Court did send the intervenor notice of the trial court’s denial of the new trial application on October 10, 1983. Therefore, for the purpose of determining the timeliness of the appeal, the motion for new trial was denied on October 7, 1983, the day the reasons for judgment were filed into the record. The sixty day delay allowed for taking a devolutive appeal commenced on October 10, 1983, the day the Clerk of Court mailed a copy of the reasons for judgment to all parties. LSA-C.C.P. Article 1914. Therefore, the intervenor’s application for an appeal filed on April 10, 1984 was untimely.
The defendants-appellees’ motion to dismiss the appeal will be maintained, and the intervenor’s appeal is dismissed at its cost.
APPEAL DISMISSED.