11 DREW, Judge.
At issue is the enforcement of a restriction contained in an act of sale of real property. Defendant, Pleasantview Apartments Partnership (Pleasantview) appealed from a summary judgment in favor of plaintiff, Silmon Property and Development Company, L.L.C. (Silmon Property), granting plaintiffs motion for summary judgment and requiring Pleasantview to remove all above-ground utilities serving the Pleasantview apartment complex. For the following reasons, we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff, Silmon Property owned a 76-acre tract of land in Ouachita Parish. On October 12, 1999, Silmon Property sold to Pleasantview a 5-acre portion of this tract for the construction of an apartment complex. In the Act of Cash Sale conveying the property, the buyer agreed to the following restriction:
Subject to the following restrictive covenant to be binding upon Purchaser, thier (sic) successors and assigns:
The properties subject to this conveyance shall be used for the exclusive purpose of providing residential multi-family apartment dwellings. All utilities shall be underground and all sewage facilities shall be subject to Seller’s prior approval.
According to the plaintiffs petition filed on May 31, 2000, Pleasantview constructed an apartment complex on the property but failed to comply with the budding restriction. Specifically, Silmon Property alleged that the utility service to the complex was above-ground, contrary to the restriction. Plaintiff also complained of Pleasantview’s failure to submit a sewage plan, but the parties later settled that portion of the disagreement. Silmon |?Property sought an order directing Pleasantview to remove the above-ground utility service.
On June 15, 2000, Pleasantview filed an answer generally denying the allegations of Silmon Property’s petition. On August 18, 2000, Silmon Property filed a motion for summary judgment, reurging that Pleasantview had installed above-ground utility service to the apartment complex in violation of the restriction in the sale. The memorandum in'support of the motion asserted that Silmon Property had imposed a plan of development upon the 76-acre tract which called for residential development, both for single family dwellings and multi-family dwellings. Further, it was urged that as part of the overall general plan, plaintiff established a requirement that all utilities be under ground. Linda Costello Silmon’s affidavit supported the motion and stated:
Defendant, Pleasantview Apartments Partnership, has placed above ground utilities upon the properties subject to this suit....
However, no “plan of development” for the 76-acre tract was attached to the motion. Silmon Property’s motion for summary judgment specifically requested judgment ordering Pleasantview to “comply with the covenants by removing all above ground utilities.”
In its opposition, Pleasantview urged that the dispute was not suitable for summary judgment. Pleasantview stated that *93 it was in compliance with the underground utility requirement in the act of sale. Pleasantview further pointed out that there was no recorded general development plan or restrictive covenant concerning the Pleasantview tract. Therefore, the restriction in the sale was not enforceable as a budding restriction.
|3In support of its opposition, Pleasant-view attached several exhibits. First is the affidavit of James Pesnell, a customer service representative for Entergy, the company that provides electrical service to the apartment complex. Pesnell stated that “the electrical service for Pleasant-view Apartments is serviced from an underground source.” The affidavit of Riemer Calhoun, Jr., CEO of Pleasantview, stated that he knew that there were no building restrictions or restrictive covenants in the public records affecting the fi-acre Pleasantview tract and that the only such restrictions on the 76-acre Silmon Property tract concerned a separate 20-acre development known as Silmon Estates No. 1. Calhoun further declared that electrical service to the apartments “is serviced from an underground source.” Third, Pleasantview attached excerpts from the deposition of Linda Silmon. Therein, Ms. Silmon stated that there were no restrictive covenants on the 76-acre tract when she bought the property and that Silmon Properties had suffered no damages as a result of the above-ground placement of the utilities. The fourth attachment is an act of sale from Ms. Silmon to Silmon Property that contained no building restrictions. The fifth attachment is a drawing of the 76-acre tract showing that Silmon Estates Unit # 1 was not on the same portion of the 76-acre tract as Pleasantview’s 5-acre apartment complex property.
The court heard argument on the motion on September 27, 2000, and on June 20, 2001, issued reasons for judgment, apparently intended to serve as a final judgment \ granting Silmon Property’s motion for summary[1], Judgment. The trial court stated that the restrictive covenant in the act of sale was enforceable as a building restriction under La. C.C. arts. 775 et. seq., that Silmon Property need not show damages in order to obtain summary judgment and that Pleasantview’s affidavits in opposition to the motion were insufficient to show compliance with the restrictive covenants. From this judgment, Pleasantview appealed.
DISCUSSION
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. La. C.C.P. art. 966(C)(2).
The party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evidence which could satisfy his evidentia-ry burden at trial. If he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under *94 the same criteria that govern the district court’s consideration of whether summary-judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
| ^Pleasantview urged on appeal that the trial court erred in considering the restriction as a building restriction under Title V of Book II of the Civil Code instead of a conventional servitude, either personal or predial. We agree.
La. C.C. art. 775 provides:
Building restrictions are charges imposed by the owner of an immovable in pursuance of a general plan governing building standards, specified uses, and improvements. The plan must be feasible and capable of being preserved.
Comment (e) to this article provides, in part:
(e) According to firmly established Louisiana jurisprudence, budding restrictions constitute real rights only in the framework of subdivision planning. They must be imposed, at least by implication, in favor of lots in a subdivision in accordance with a general development plan. If the restrictions are imposed on individual lots without regard to a general development plan, they may constitute veritable predial servitudes, provided, of course, that the requirements for the creation of predial servitudes are met. See McGuffy v. Weil, 240 La. 758, 125 So.2d 154 (1960) (restriction of commercial usage imposed on a single lot in favor of another lot). If the requirements for the creation of predial servi-tudes are not met, the restrictions may only be personal obligations....
Silmon Property presented no evidence of a general plan governing the use of the entirety of its 76-acre tract, and indeed, the evidence showed that no such plan existed. Within the tract, such a plan may be in place for its 20-acre subdivision, but that plan cannot be said to extend beyond the boundaries of the subdivision to the entire tract in the absence of express language so stating. Accordingly, we conclude that the restriction in the act of sale to Pleasantview cannot be considered a building restriction under La. C.C. arts. 775 et seq.
| ^However, this is not to say that the restriction is unenforceable. Because Pleasantview plainly agreed in the Act of Cash Sale that, inter alia, “all utilities shall be underground,” the agreement created at least an enforceable personal obligation to that effect, if not a predial servitude. Since Pleasantview is the original purchaser of the property from Silmon Property and the agreement is between those parties, there is no need for this court to decide if the agreement established a predial servitude in favor of the Silmon Property estate.
Silmon Property specifically sought an order requiring Pleasantview to remove all above-ground utilities. An order commanding a party to take specific action is a mandatory injunction. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. A mandatory injunction may not be issued on a merely prima facie showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. Id.
Because there was not a full hearing and because there is a genuine issue of material fact concerning which utilities, if any, are above-ground and which are underground, the judgment of the trial court must be reversed. This matter is remand *95 ed to the trial court for a hearing to determine Silmon’s right to have Pleasantview remove any above-ground utilities.
^DECREE
The judgment of the trial court is hereby reversed and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Silmon Property & Development Company, L.L.C.
REVERSED AND REMANDED.

. Pleasantview has attached as an exhibit to its brief a document purporting to be an August 21, 2001 judgment of the district court granting summary judgment. Although we cannot consider such an exhibit because it does not form part of the appellate record, we consider the appeal properly before this court. Hinchman v. International Brotherhood of Electrical Workers, Local Union # 130, 292 So.2d 717 (La.1974).