NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-329

BAYOU ESTATES DEVELOPMENT, INC.

VERSUS

CLARENCE BURTON, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 75554
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

APPEAL DISMISSED.

Peggy M. Hairston Robinson
Attorney at Law
2850 77th Ave.
Baton Rouge, LA 70807
(225) 357-4979
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Clarence Burton
    Burton Trucking Services, Inc.

**Thomas Louis Mahfouz**
**Attorney at Law**
**Post Office Box 2526**
**Morgan City, LA 70381**
**(985) 384-1833**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Bayou Estates Development, Inc.**

**COOKS, Judge.**

This court issued a rule for defendants-appellants, Clarence Burton and Burton Trucking Service, Inc. (collectively, Burton), to show cause, by brief only, why their appeal should not be dismissed as premature. Burton filed a brief in response to this court's rule in support of the appeal's dismissal. For the reasons discussed below, we dismiss the appeal.

Burton and Bayou Estates Development, Inc. (Bayou), had a dispute over a real estate lease, Burton's property stored on the leased premises, and, allegedly, an illegal seizure of items belonging to Burton. After a trial on the merits, the trial court issued a document titled "Reasons for Judgment." In it, the trial court articulated its findings of fact regarding the lease and circumstances of Burton's property seizure. The trial court also discussed damages.

The last paragraph of the "Reasons for Judgment" reads as follows: "[j]udgment *will be rendered* herein in favor of plaintiffs and against defendants, Burton and Trucking, in the amounts set forth hereinabove, together with all costs of these proceedings. The Reconventional Demand of Burton and Trucking is dismissed at their costs." (Emphasis added). The record submitted to this court contains no document titled "judgment." The document titled "Reasons for Judgment" does not contain any decretal language.

In response to this court's rule to show cause, Burton filed a "memorandum in support of dismissal of appeal as premature." Burton submitted to this court that "there remains an issue that a final judgment is absent from the record and therefore the appeal judgment [*sic*] is not perfected such that an appeal is ripe on all issues presented to the district court." Burton further submitted that "the appeal is void [*sic*] of all final requirements to invoke jurisdiction of the court of appeals

Third Circuit." In the last sentence, Burton prays "that the Court of Appeals Third Circuit proceed as the court deem [*sic*] necessary without any objection from Appellant." Bayou made no filings in this court.

"Appeal is the exercise of the right of a party to have a *judgment* of a trial court revised, modified, set aside, or reversed by an appellate court." La.Code Civ.P. art. 2082 (emphasis added). "Appeals are taken from the judgment, not the written reasons for judgment." *Greater New Orleans Expressway Comm'n v. Olivier*, 02-2795, p. 3 (La. 11/18/03), 860 So.2d 22, 24 (citations omitted).

"A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." La.Code Civ.P. art. 1918. "A judgment and reasons for judgment are two separate and distinct documents." *Olivier*, 860 So.2d at 24. "A valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146 (quoting *Jenkins v. Recovery Tech. Investors,* 02-1788, pp. 3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600) (citations omitted).

Louisiana Code of Civil Procedure Article 1918 was enacted to avoid confusion and recording of lengthy opinions. *Hinchman v. Int'l Bhd. of Elec. Workers, Local Union No. 130*, 292 So.2d 717 (La.1974). Thus, the trial court's disregard of La.Code Civ.P. art 1918 does not automatically nullify a judgment, and the article should not be applied mechanically. *Id.* As long as the instrument contains the essentials of a judgment, it should be regarded as a valid judgment. *Id.* In *Hinchman*, the court reasoned:

2

> Except for the inclusion of reasons, this instrument contains the essentials of a judgment. The document rendered on December 14, 1972 determines the rights of the parties and awards the relief to which they are entitled. C.C.P. 1841. The final judgment was read and signed by the judge in open court. C.C.P. 1911. The instrument is identified as a final judgment by appropriate language. C.C.P. 1918.

*Id*. at 719.

Here, the document is titled "Reasons for Judgment;" therefore, it is not identified by the appropriate language. Furthermore, when this court looks into the content of the document to see whether it contains essentials of a judgment, it finds very scant evidence of these essentials. The instrument lacks appropriate decretal language. It states that the judgment "will be rendered," indicating that the judgment will be forthcoming at some point in the future. Therefore, this instrument is not a judgment.

Because we conclude that the instrument in the record identified as "Reasons for Judgment" is not a valid judgment, we find that there is no final, appealable judgment for this court to review at this time. Therefore, this appeal is dismissed as premature.

**APPEAL DISMISSED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.