# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-1092


**LANEY RAY BARLOW, JR.**

**VERSUS**

**SANDRA GUILLOT BARLOW**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 42083
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**PHYLLIS M. KEATY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Billy H. Ezell, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED.**


**Dr. Sule Douglas Busari**
**Attorney at Law**
**Post Office Box 168**
**Tallulah, Louisiana  71282**
**(318) 574-2955**
**Counsel for Plaintiff/Appellant:**
       **Laney Ray Barlow, Jr.**

**Paul A. Lemke**
**Attorney At Law**
**Post Office Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**Counsel for Plaintiff/Appellant:**
       **Laney Ray Barlow, Jr.**

**John Scott Sartin**
**Attorney at Law**
**406 Prairie Street**
**Winnsboro, Louisiana  71295**
**(318) 435-1224**
**Counsel for Defendant/Appellee:**
     **Sandra Guillot Barlow**

**KEATY, Judge.**

This court issued a rule for plaintiff-appellant, Laney Ray Barlow, Jr., to show cause, by brief only, why his appeal should not be dismissed as untimely. Laney filed a brief in response to this court's rule arguing his appeal should be considered premature, not untimely. For the reasons below, we dismiss the appeal as premature.

This is a custody dispute between the two parents, Laney and Sandra Guillot Barlow. On March 15, 2013, the trial court signed a judgment modifying the custody arrangement of the minor between the parents. The notice of that judgment was sent on March 20, 2013. Laney timely filed a motion for a new trial. The trial court conducted a hearing on the motion, did not rule from the bench, and took the matter under advisement.

On June 12, 2013, the trial judge signed a document titled "Reasons for Judgment." The document contains three sections titled, respectively, "Procedure," "Facts," and "Opinion." The document is over two pages long, single-spaced. The last sentence of the "Opinion" section reads: "Motion for New Trial is denied." On June 17, 2013, the Clerk of Court sent a notice to the parties stating that the reasons for judgment have been filed in this matter. On July 19, 2013, thirty-two days after this notice, Laney filed his motion for appeal.

"An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. . . ." La.Code Civ.P. art. 3943. "An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)." La.Code Civ.P. art. 3942(A).

> Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an

appealable order or judgment may be taken within sixty days of any of the following:

(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

La.Code Civ.P. art. 2087(A).

There is no dispute that the final judgment at issue in this case modified custody arrangements between the parents. Thus, the question for this court is whether the instrument titled "Reasons for Judgment" should be regarded as a written judgment, notice of which commences the appellate delays, rendering the motion for appeal, filed thirty-two days after the notice, untimely.

B. The interlocutory judgment *shall be reduced to writing* if the court so orders, if a party requests within ten days of rendition in open court that it be reduced to writing, or *if the court takes the interlocutory matter under advisement*. The clerk shall mail notice of the subsequent judgment to each party.

C. If the interlocutory judgment is one refusing to grant a new trial or a judgment notwithstanding the verdict, the clerk shall mail notice to each party regardless of whether the motion is taken under advisement. The delay for appealing the final judgment commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.

La.Code. Civ.P. art. 1914 (emphasis added). Thus, even though an interlocutory judgment need not be in writing, when the trial court takes the interlocutory matter under advisement, a writing expressing the judgment of the court is required.

"Appeals are taken from the judgment, not the written reasons for judgment." *Greater New Orleans Expressway Comm'n v. Olivier*, 02-2795, p. 3 (La. 11/18/03), 860 So.2d 22, 24. "A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." La.Code Civ.P. art.

2

1918. "A judgment and reasons for judgment are two separate and distinct documents." *Olivier*, 860 So.2d at 24. "A valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146 (quoting *Jenkins v. Recovery Tech. Investors,* 02-1788 (La.App. 1 Cir. 6/27/03), 858 So.2d 598) (citations omitted).

Louisiana Code of Civil Procedure Article 1918 was enacted to avoid confusion and recording of lengthy opinions. *Hinchman v. Int'l Bhd. of Elec. Workers, Local Union No. 130*, 292 So.2d 717 (La.1974). Thus, the trial court's disregard of La.Code Civ.P. art. 1918 does not automatically nullify a judgment, and the article should not be applied mechanically. *Id.* As long as the instrument contains the essentials of a judgment, it should be regarded as a valid judgment. *Id.* In *Hinchman*, the court reasoned:

> Except for the inclusion of reasons, this instrument contains the essentials of a judgment. The document rendered on December 14, 1972 determines the rights of the parties and awards the relief to which they are entitled. C.C.P. 1841. The final judgment was read and signed by the judge in open court. C.C.P. 1911. The instrument is identified as a final judgment by appropriate language. C.C.P. 1918.

*Id*. at 719. Where an instrument titled "Reasons for Judgment" was argued to constitute a judgment for the purposes of appellate delays, this court reasoned:

> We see a distinction in the facts of *Hinchman* and the facts of the case before us. Here, the parties were not alerted in the title, as they were in *Hinchman,* that what followed was intended to be a judgment. The parties might have reasonably assumed that the title "REASONS FOR JUDGMENT" was meant to convey the fact that reasons were all that was intended by the document. Further, in *Hinchman,* the language of the judgment in that case concluded with a formal decree employing the words "IT IS ORDERED, ADJUDGED AND DECREED that...." In the case before us the document appears to be nothing more than reasons for judgment but concludes with the one sentence reading:

3

"Accordingly[,] the exception of prescription is maintained and plaintiff's suit is dismissed at her costs." While this language is no doubt technically sufficient to constitute a valid decree, we feel that it is of such an ambivalent nature following what was so far reasons for judgment, that counsel were not placed on adequate notice that the document was intended to be a judgment.

*Parker v. S. Am. Ins. Co.*, 578 So.2d 1021, 1023-24 (La.App. 3 Cir.), *rev'd on other grounds*, 590 So.2d 55 (La.1991).

As a preliminary matter, this court notes that the judgment at issue is not a judgment on the merits, but one denying a motion for a new trial, which could be rendered verbally under certain circumstances. Nevertheless, La.Code. Civ.P. art. 1914 requires the judgment on an interlocutory matter to be reduced to writing when the trial court takes the matter under advisement.[1] Therefore, we consider jurisprudence that examined final judgments regarding the issue of whether an instrument is a judgment applicable to this case.

Here, like in *Parker*, the document is titled "Reasons for Judgment." Similarly, the decretal language is not preceded by the formal expressions, such as "IT IS ORDERED, ADJUDGED AND DECREED." The document is rather lengthy. It contains "Procedure," "Facts," and "Opinion" sections but does not contain a "Disposition" section, or something similar, that would alert the reader that a judgment, as opposed to simply the reasons for judgment, is being rendered. Furthermore, the notice sent to the parties states that the trial court issued the reasons for judgment, not the judgment. Based on these considerations, we conclude that the attorneys in this case were not placed on adequate notice that the

---

[1] We acknowledge this court's previous jurisprudence where we held that a judgment denying a motion for a new trial contained in the written reasons for judgment was sufficient to start appellate delays. *See Simar v. Hartford Fire Ins. Co.*, 469 So.2d 4 (La.App. 3 Cir. 1985). Nevertheless, significant amendments have been made to La.Code. Civ.P. art. 1914 subsequent to this jurisprudence. In particular, 2003 La. Acts No. 545, §1, entirely rewrote Article 1914(A) and (B) and included the requirement that a judgment be reduced to writing when the interlocutory matter has been taken under advisement. Therefore, we find the current language of Article 1914 makes that former jurisprudence no longer applicable to the circumstances of this case.

4

document titled "Reasons for Judgment" was intended to be the judgment. Thus, even though the instrument at issue contains language that constitutes a valid decree, the document is not a judgment, and the appellate delays have not started running. Therefore, this appeal is premature.

Because we conclude that the document in the record identified as "Reasons for Judgment" is not a valid judgment, there is nothing for this court to review at this time. Therefore, this appeal is dismissed as premature.

**APPEAL DISMISSED.**