NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-1056

IN RE:  M.D.H., ET UX APPLYING

FOR PRIVATE ADOPTION OF J.T.M.

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 20130008
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D.Saunders, Billy H. Ezell, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED.

Mitchel Mark Evans, II
Attorney at Law
416 North Pine Street
DeRidder, LA 70634
(337) 462-5225
COUNSEL FOR APPELLANT:
    M.D.H.
    E.H.

**T.R.M.**
**In Proper Person**
**1246 Muldrow St.**
**DeRidder, LA 70634**
        **IN PROPER PERSON**

**SAUNDERS, Judge.**

This court issued a rule for plaintiffs-appellants, M.D.H. and E.H., (collectively, the appellants), to show cause, by brief only, why their appeal should not be dismissed as taken without an entry of an appealable judgment. The appellants filed a brief in response to this court's rule opposing the dismissal and requesting, in the alternative, to convert their appeal into an application for supervisory writs. For the reasons below, we dismiss the appeal and decline to convert this appeal into a supervisory writ application.

The appellants filed a pleading titled "PETITION FOR TERMINATION OF PARENTAL RIGHTS (AND FOR CERTIFICATION FOR ADOPTION)." In it, the appellants alleged that they were awarded permanent guardianship and custody of J.T.M., a minor, who has been continuously residing with them since June 11, 2007. Naming the biological mother of J.T.M. as the defendant and alleging that she failed to provide significant contributions to the child's care and support for a period longer than six consecutive months, the appellants sought termination of her parental rights. The appellants also requested that Mitchel M. Evans, II (Evans), their counsel, be designated as a private counsel by special appointment authorized to petition for termination of parental rights.

The appellants submitted a proposed order based on this petition. The trial court made substantial alterations to this proposed order and did not sign it. On February 26, 2013, the trial court wrote a letter to Evans explaining its alterations to the proposed judgment including: (1) that there was no authority to appoint Evans a special counsel as he was the attorney of record for the appellants; (2) that under the circumstances alleged in the petition, no hearing was required to terminate parental rights because those arguments are heard as part of the adoption

proceedings; and, (3) that Evans needed to file an additional order for the Sheriff's office to make the required background checks based on La.Ch.Code art. 1199. Presumably, this is why the trial court scratched through the language in the proposed order which would have appointed Evans the special counsel, scratched through the language which would have set a hearing on termination of parental rights and wrote that the adoption proceedings would be set for April 9, 2013, and included the language ordering the Department of Social Services to prepare a confidential report.

The record submitted to this court also contains a letter Evans wrote to the Clerk of the 36th Judicial District Court requesting the Clerk to prepare the trial court "rulings" in the form of a judgment for appeal purposes. In that letter, Evans included the trial court's letter to Evans and the proposed order with the alterations. The record also contains another letter from the trial court to Evans stating, in pertinent part: "[t]he court has made no rulings, but only a request to cure your pleadings. A clerk cannot prepare a final judgment under any circumstances."

The appellants' memorandum, submitted in response to this court's rule to show cause, reads, in relevant part:

> The last issue, concerns the procedural affects [sic] to be given to the trial court's written reasons issued on February 25, 2013. Although a "four corners" review of said reasons suggest that it does not have the bear [sic] appearance of an appealable judgment; [sic] such is strongly counter-indicated given its preclusive affect [sic] upon Appellants' procedural due process rights. For, said reasons have the same preclusive affects [sic] as if the court had maintained the peremptory exception of No Cause of Action, as provided for under the relevant provisions of LSA – C.C.P. Art. §927A(5); or, No Right of Action, under LSA – C.C.P. Art. §927A(6).
> Whether the foregoing appeal is premature, gravitates [sic] largely upon considerations of judicial economy. For, the Appellate Courts have remedied such perceived deficiencies through the exercise of equity jurisdiction by its authority to exercise supervisory

2

jurisdiction and treat an appeal of an interlocutory judgment as an application for supervisory writs.

"Appeal is the exercise of the right of a party to have a *judgment* of a trial court revised, modified, set aside, or reversed by an appellate court." La.Code Civ.P. art. 2082 (emphasis added). "A final judgment shall be identified as such by appropriate language. . . ." La.Code Civ.P. art. 1918. "A valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146 (quoting *Jenkins v. Recovery Tech. Investors,* 02-1788, pp. 3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600) (citations omitted).

As long as the instrument contains the essentials of a judgment, it should be regarded as a valid judgment. *Hinchman v. Int'l Bhd. of Elec. Workers, Local Union No. 130*, 292 So.2d 717 (La.1974). In *Hinchman*, the court explained:

> Except for the inclusion of reasons, this instrument contains the essentials of a judgment. The document rendered on December 14, 1972 determines the rights of the parties and awards the relief to which they are entitled. C.C.P. 1841. The final judgment was read and signed by the judge in open court. C.C.P. 1911. The instrument is identified as a final judgment by appropriate language. C.C.P. 1918.

*Id*. at 719.

Here, the instrument the appellants argue constitutes an appealable judgment is a letter to Evans from the trial court explaining alterations in the proposed order. The court's later letter to Evans clarifies that "the court has made no rulings." Neither of these letters contains appropriate language that identifies this instrument as a final judgment, nor is there any decretal language. Furthermore, this court

3

finds that the trial court made no ruling of any kind. Thus, there is nothing for this court to review on either appeal or writ application. Therefore, this appeal is dismissed.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.