STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-186

JOHN FORD DIETZ

VERSUS

ANNE BENNETT MORRISON DIETZ, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 88309-B
HONORABLE JULES DAVIS EDWARDS III, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

JUDGMENT AND AMENDED JUDGMENT SET ASIDE; CASE REMANDED; APPEAL DISMISSED.

Anne Bennett Morrison Dietz (Appeal Dismissed May 9, 2013)
In Proper Person
Santa Domingo, 24
San Miguel de Allende, Centro
GTO Mexico,  37700
DEFENDANT/APPELLANT

**Richard Morrison**
**In Proper Person**
**570 El Camino Real, #150-242**
**Redwood City, California  94063**
**(650) 321-3729**
**DEFENDANT/APPELLANT**

**Edward K. Bauman, APLC**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602**
**(337) 491-0570**
**COUNSEL FOR PLAINTIFF/APPELLEE**
  **John Ford Dietz**

**CONERY, Judge.**

John Ford Dietz ("John") filed suit against his former wife, Anne Bennett Morrison Dietz ("Anne") and her brother Richard Morrison ("Richard"), seeking damages for defamation, extortion, intentional infliction of emotional distress, and civil conspiracy. The dispute arose out of John and Anne's divorce proceedings involving both custody of the two minor children and property still held jointly.

After conducting a bench trial on the merits on January 13, 2012, the trial court issued a "Judgment," which incorporated lengthy Reasons for Judgment. Anne and Richard timely filed a motion for new trial, and after a hearing on the motion, the trial court denied Anne and Richard's motion for new trial in a May 23, 2012 "Amended Judgment."

The "Amended Judgment" conflated the trial court's Reasons for Judgment with what the trial court obviously intended to be a final judgment. The "Amended Judgment" confirmed the original ruling in favor of John on three of his claims, but additionally found Anne and Richard liable in solido for conspiring against John. Damages in the "Amended Judgment," in the amount of $85,000, remained the same as the January 13, 2012 "Judgment." For the following reasons, we set aside the judgment and amended judgment, remand the case to the trial court, and dismiss the appeal.

## PROCEDURAL HISTORY

A bench trial was held on November 7–10, and January 9–10, 2012.[1] The court took the matter under advisement and promptly issued what is entitled a "Judgment" on January 13, 2012. In fact, the "Judgment" contains the trial court's

---

[1] Although the "Judgment" reflects that trial ended on January 9, 2012, the minutes of the court reflect that the bench trial concluded on January 10, 2012.

entire reasons for ruling, finding in favor of John on each of his three claims of defamation, extortion, and intentional infliction of emotional distress. The "Judgment" discusses the three claims under the headings of "**Defamation Claim:**," "**Extortion Claim:**," "**Intentional Infliction of Emotional Distress:**," and "**Damages**." Under the heading of "**Damages**," the trial court stated, "**Accordingly, it is ordered** Anne Bennett Morrison Dietz and Richard Morrison pay unto Plaintiff John Ford Dietz the sum of Eighty Five Thousand Dollars 00/00 ($85,000)." (Emphasis added.) No Analysis of how the court arrived at its damage award was included, and this court is left with the impression that the trial court likely intended this language to be its decree and judgment.

At the close of John's case in chief, the defendants, Anne and Richard, moved for directed verdict on each of John's claims. The trial court denied defendants' motions for directed verdict for John's claims of defamation, extortion, and intentional infliction of emotional distress. The trial court granted defendants' motions and dismissed John's claim for conversion of property which included silverware, rugs, and furniture, based on John's lack of objection and his admission he had no viable conversion claim for these items. The trial court also dismissed John's claim for loss of rental income in connection with the property owned by John and Anne in Mexico, and expanded its May 28, 2011 interlocutory ruling to specifically state that the trial court had no jurisdiction over that claim. The trial court further granted a dismissal of John's claim for special damages, which included not only his loss of rental income from the jointly owned property in Mexico, but also the costs of a bodyguard hired by John for protection after being threatened by Richard and Anne in Mexico.

Richard and Anne timely filed a motion for new trial on January 26, 2012, urging the "Judgment was contrary to law and evidence in several respects." The petition for new trial stated in pertinent part:

1) The Judgment contained no finding of conspiracy among Defendants, yet failed to allocate fault among them, violating Louisiana's comparative fault principles that are codified in La. C.C. arts. 2323 and 2324;

In his response to the motion for new trial, John also asked the trial court to clarify the issue of Anne and Richard's fault. First, John asked the trial court to determine the percentage of comparative fault of Anne and Richard pursuant to La.Civ.Code art. 2323. In the alternative, John asked the trial court to determine whether Anne and Richard had engaged in a conspiracy, making them solidarily liable for the amount awarded pursuant to La.Civ.Code art. 2324. John's response to the motion for new trial stated in pertinent part:

Plaintiff agrees with defendants' argument that this court was required to apportion fault pursuant to LSA-C.C. art. 2323, and requests that this Court modify the Judgment to apportion 50% fault to each defendant.

Plaintiff also agrees with defendants' argument that this court was required to express in the Judgment its implicit finding that defendants engaged in a conspiracy and are therefore solidarily liable under LSA-C.C. art. 2324, and requests that his Court modify the Judgment to so state.

The trial court held a hearing on Anne and Richard's motion for new trial on May 14, 2012. After again taking the matter under advisement, on May 23, 2012, the trial court promptly issued the "Amended Judgment." As previously indicated, the "Amended Judgment" again conflated the trial court's Reasons for Ruling with its judgment, and mirrored the January 13, 2012 "Judgment," adding specific citations to the record, two further comments on the conduct and credibility of Anne and Richard, and a determination of the solidary liability of Anne and

Richard based on a finding of conspiracy. The introduction of the "Amended

Judgment" stated:

> The above captioned matter was presented to the court on 14 MAY 2012 as a Motion for New Trial filed on behalf of the defendants. During this hearing, the court reported that the 13 January 2012 Judgment was incorrect; and although it included reasons for ruling, it did not clearly communicate the reasons for the decision reached by this court. Accordingly, the court advised that it would issue a corrected judgment before the end of the week. Considering the evidence submitted and the arguments of counsel, the Motion for New Trial is DENIED.
>
> This Amended Judgment is presented to correct the phraseology of the 13 January 2012 Judgment to explicitly state that which was only implied in the prior judgment. It contains some (but not all) of the citations to the transcript of the trial which support the reasons for ruling. Many of the documents admitted in to evidence during the trial also support this judgment. The additions to the 13 January 2012 Judgment are highlighted herein for convenience.

The following language was an addition to the trial court's ruling on John's

claims of intentional infliction of emotional distress:

> This particular method of extortion by Mr. Morrison and Ms. Morrison, coupled with Mr. Morrison's harmful conduct directed towards the plaintiff's father was outrageous, extreme and calculated to (and did in fact) cause the plaintiff to suffer severe emotional distress. . . . Further, Anne Morrison and Richard Morrison were not credible witnesses and were inaccurate historians.

The trial court's "Amended Judgment" contains the following language

which was not a part of the January 13, 2012 "Judgment" with respect to the issue

of fault versus solidarity:

> The actions described above were acts taken in furtherance of the conspiracy of this brother and sister to inflict emotional distress on the plaintiff by producing emotional stress on his family members and presenting false statements to third parties for the purpose of convincing the plaintiff to surrender certain property to Anne Morrison. These defendants enlisted the assistance of various third parties in furtherance of this conspiracy. These defendants intended their actions to produce the desired effects on the plaintiff while he was residing in Louisiana. Thus, the defendants[,] Anne Bennett

Morrison Dietz and Richard Morrison[,] are solidarily liable to the plaintiff for the damages caused by their tortuous conduct.

The same language under the heading "**Damages**" contained in the "Judgment" is also contained in the "Amended Judgment" which states, "**Accordingly, it is ordered** Anne Bennett Morrison Dietz and Richard Morrison pay unto Plaintiff John Ford Dietz the sum of Eighty Five Thousand Dollars 00/00 ($85,000)."

The "Amended Judgment" decretal language makes no mention of the substantive addition to the "Amended Judgment," finding Anne and Richard liable in solido for the award of $85,000 to John. Neither the "Judgment" nor the "Amended Judgment" contains the necessary decretal language awarding judicial interest as required by La.Code Civ.P. art. 1921, which requires that the trial "court shall award interest in the judgment as prayed for or as provided by law."

**Procedural Defects in the Amended Judgment and Judgment**

Louisiana Code of Civil Procedure Article 2082 provides that an "[a]ppeal is the exercise of the right of a party to have a judgment of the trial court revised, modified, set aside, or reversed by an appellate court." In order to exercise the right to appeal there must be a final judgment. La.Code Civ.P. art. 2083(A). Louisiana Code of Civil Procedure Article 1841 provides:

> A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
>
> A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
>
> A judgment that determines the merits in whole or in part is a final judgment.

In addition, La.Code Civ. P. art. 1951 provides:

5

A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:

(1) To alter the phraseology of the judgment, but not the substance; or

(2) To correct errors of calculation.[2]

The determination of the trial court to apply either La.Civ.Code art. 2323, requiring a determination of fault as between the parties, or La.Civ.Code art. 2324, which imposes solidary liability on the parties to a conspiracy, is substantive in nature and "can only be accomplished by motion for a new trial or on appeal." *Saacks v. Mohawk Carpet Corp.*, 03-386, p. 23 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 374, *writ denied*, 03-2632 (La. 12/12/03), 860 So.2d 1158, (citing *Teague v. Barnes*, 519 So.2d 817 (La.App. 5 Cir.1988)).

The trial court denied Anne and Richard's motion for new trial, but then, as requested in John's motion for a new trial, altered the "Judgment" to include a determination that Anne and Richard engaged in a conspiracy and were liable in solido. Because the trial judge denied the Motion for New Trial, this change amounted to a substantive change in the "Amended Judgment" in violation of La.Code Civ.P. art. 1951, rendering the "Amended Judgment" null and void and requiring it be set aside.

If an appellate court sets aside an amended judgment, pursuant to La.Code Civ.P. art. 1951, "[t]he usual remedy of the appellate court in such a case is to vacate the amended judgment and reinstate the original judgment." *Teague*, 519 So.2d at 822 (quoting *Schexnayder v. Schexayder*, 503 So.2d 104 (La.App. 5 Cir. 1987), writ denied, 506 So.2d 1228 (La.1987)). However for the following reasons

_____

[2] Louisiana Code of Civil Procedure Article 1951 was amended, effective August 1, 2013 subsequent to the judgment and amended judgment at issue.

6

we find that the January 13, 2012 "Judgment" is equally flawed and must also be set aside.

Louisiana Code of Civil Procedure Article 1918 dictates the required form of a final judgment and states, "A final judgment shall be identified as such by appropriate language. When written reasons for judgment are assigned, they *shall* be set out in an opinion separate from the judgment." (Emphasis added.) A panel of this court held, "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146 (quoting *Jenkins v. Recovery Tech. Investors*, 02-1788, pp. 3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600) (citations omitted).

This court is aware that jurisprudence has interpreted the language in La.Code Civ.P. art. 1918 requiring written reasons to be separate from the judgment to be "merely precatory." Extraneous language in a judgment does not automatically render a judgment which includes written reasons invalid in all cases. *Hinchman v. Int'l Bhd. of Elec. Workers, Local Union No. 130*, 292 So.2d 717 (La.1974). However, Article 1918 does contain the word "shall" when it directs the trial court to set out Reasons for Judgment "in an opinion *separate* from the Judgment." (Emphasis added.) In this particular case, because of the problems in the language of the "Judgment" and "Amended Judgment," we apply the article as written. Even assuming the word "shall" could be interpreted as "precatory," a final and appealable Judgment must nevertheless contain sufficient decretal language consistent with the Reasons espoused.

7

The January 13, 2012 "Judgment" does not contain all of the necessary decretal language to meet the requirements of a final judgment. The "Judgment" fails to make a determination of the allocation of fault between Anne and Richard, or to award judicial interest as required by La.Code Civ.P. art. 1921. It certainly does not meet the requirements of the form of a final judgment required in La.Code Civ.P. art. 1918, as the written reasons for the judgment are not set forth in a separate opinion. We therefore find that the January 13, 2012 "Judgment" must be set aside. Likewise, the May 13, 2012 "Amended Judgment" lacks decretal language on the issues of solidary liability and legal interest. As previously indicated, the reasons for judgment, likewise, are not set forth in a separate opinion in the "Amended Judgment" in clear violation of the mandate in La.Code Civ.P. art. 1918.

## DISPOSITION

Finding that both the "Judgment" and "Amended Judgment" must be set aside, and since there is no final appealable judgment from which an appeal may be taken, we hereby dismiss the appeal and remand the case to the trial court for further proceedings and the entry of a final appealable judgment.

**JUDGMENT AND AMENDED JUDGMENT SET ASIDE; CASE REMANDED; APPEAL DISMISSED.**

8