# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-1008

**STATE OF LOUISIANA**
**IN THE INTEREST OF C.D.W.**

**VERSUS**

**T.R.W.**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## FOURTEENTH JUDICIAL DISTRICT COURT
## PARISH OFCALCASIEU, NO. 30015
## HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**APPEAL DISMISSED WITHOUT PREJUDICE.**
**REMANDED WITH INSTRUCTIONS.**

Shane K. Hinch
The Larry Roach Law Firm
2917 Ryan Street
Lake Charles, Louisiana 70629
COUNSEL FOR APPELLEES:
    The State of Louisiana, J.B., and M.B. (as the legal custodians of
    C.D.W.)

LaKetha W. Holmes
Holmes Family Law Group, LLC
112 N. Steward Street
DeRidder, Louisiana 70634
COUNSEL FOR DEFENDANT/APPELLANT:
    T.R.W. (biological mother of C.D.W.)

**Walter M. Sanchez**
**The Sanchez Law Firm, LLC**
**1200 Ryan Street**
**Lake Charles, Louisiana  70601**
**COUNSEL FOR APPELLEES:**
       **The State of Louisiana and the minor child, C.D.W.**

**GREMILLION, Judge.**

This court issued a rule ordering Appellant, T.R.W.[1] (the biological mother of the minor child, C.D.W.), to show cause, by brief only, why her appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See State in the Interest of J.C.*, 16-138 (La.App. 1 Cir. 6/3/16), 196 So.3d 102. For the reasons set forth below, we dismiss the appeal without prejudice and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

C.D.W. was taken into State custody at the time of his birth, July 25, 2009, because he was born with controlled substances in his system. T.R.W. is his birth mother. Other than a brief period when he resided with his maternal grandmother, C.D.W. has been with the same family, J.B. and M.B., since his birth. J.B. and M.B. were awarded sole custody of C.D.W. in December of 2015. On February 1, 2017, the State of Louisiana filed a petition for termination of T.R.W.'s parental rights. A trial was held on June 28, 2017, and the trial court took the matter under advisement. On July 17, 2017, the trial court issued written reasons for judgment wherein it found "that [J.B. and M.B.] carried their burden of proof to terminate the parental rights of T.R.W. to C.D.W." The written reasons for judgment indicated that the trial court "will" terminate the parental rights of T.R.W. and certify C.D.W. for adoption. The written reasons also indicated that custody of C.D.W. was given to J.B. and M.B. pursuant to La.Ch.Code art. 1037(D).

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rules 5–1 and 5–2, the initials of the parties are used to ensure confidentiality and to protect the identity of the minor child involved in these proceeding.

On July 17, 2017, the same day written reasons were assigned, the trial court signed a judgment which stated:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Written Reasons for Judgment rendered on this date shall be made a judgment of the Court.

Appellant filed a notice of appeal of that judgment on July 24, 2017, and an order of appeal was signed. The court issued a notice of appeal on July 31, 2017. When the record was lodged in this court, a rule was issued ordering Appellant to show cause why her appeal should not be dismissed as having been taken from a judgment that lacked proper decretal language.

## DISCUSSION

In *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, the court stated:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain. . . . The decree alone indicates the decision. . . . The result decreed must be spelled out in lucid, unmistakable language. . . . . The quality of definiteness is essential to a proper judgment. *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).
>
> . . . "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

It is well settled that "[a]ppeals are taken from judgments, not reasons for judgment." *State in the Interest of J.C.*, 196 So.3d at 106. The judgment in this case merely references the written reasons and states that they "shall be made a judgment of the Court." From the judgment itself, it cannot be ascertained what

specific relief was granted by the court. Thus, this judgment "does not contain all of the necessary decretal language to meet the requirements of a final judgment." *Dietz v. Dietz*, 13-186, p. 8 (La.App. 3 Cir. 11/6/13), 128 So.3d 1215, 1220.

T.R.W. argues that "[t]he trial court was clear in its rendering that" J.B. and M.B. were given custody of C.D.W. and that such "judgment was deemed final" because the court terminated the parental rights of T.R.W. and certified C.D.W. for adoption. T.R.W. argues that the written reasons in this case included a final judgment. However, we note that the written reasons for judgment in this case cannot be considered as a final judgment due to the absence of formal decretal language because the written reasons indicate that the court "**will** terminate the parental rights of [T.R.W.] to [C.D.W.] and certify him for adoption" rather than the trial court actually ordering these things in the written reasons. (Emphasis added.) *See Barlow v. Barlow*, 13-1092, p. 4 (La.App. 3 Cir. 10/23/13), 161 So.3d 24.

Accordingly, the appeal must be dismissed. When a final judgment is rendered with the proper decretal language, Appellant, T.R.W., may file a new appeal with this court. *See Smith v. State, Dep't of Transp. & Dev.*, 15-962 (La.App. 4 Cir. 2/17/16), 186 So.3d 1180.

### DECREE

For all the reasons given, this court lacks jurisdiction to consider the merits of the appeal because it was taken from a judgment that lacks proper decretal language. Accordingly this appeal is dismissed without prejudice, and the matter is remanded to the trial court with instructions that it sign a judgment containing proper decretal language no later than December 21, 2017.

**APPEAL DISMISSED WITHOUT PREJUDICE. REMANDED WITH INSTRUCTIONS.**

3