STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1238

ERICA CARLINE SMITH

VERSUS

STEPHEN M. SMITH

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 91467
HONORABLE SUSAN LORNA THEALL, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and David Kent
Savoie, Judges.

APPEAL DISMISSED.

Anthony J. Fontana, Jr.
A Professional Law Corporation
210 N. Washington St.
Abbeville, LA 70510
(337) 898-8332
COUNSEL FOR PLAINTIFF/APPELLANT:
    Erica Carline Smith

**Victor J. Brubaker**
**Fenet Treadway Gaudin Lawyers, LLC**
**4021 W.E. Heck Ct., Bldg. L**
**Baton Rouge, LA 70816**
**(225) 366-7030**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Stephen M. Smith**

**GREMILLION, Judge.**

The plaintiff, Erica Carline Smith, appeals the trial court's judgment denying the alternative relief requested in her rule to annul a consent judgment entered into with the defendant, Stephen M. Smith, regarding the payment of child support. For the following reasons, we dismiss plaintiff's appeal as premature.

### FACTUAL AND PROCEDURAL BACKGROUND

Erica and Stephen were divorced in April 2009. Of their six-year marriage, three children were born. In June 2012, Erica filed a rule to modify child support. The hearing officer conducted a hearing on October 23, 2012. A stipulated judgment was signed on December 3, 2012, and entered into the record on December 6, 2012, providing that Stephen's monthly support obligation "shall be reduced to $800.14 per month."[1] In January 2014, Erica filed a "Rule to Annul Judgment for Error to Recalculate Child Support Retroactively, and to Remove Restrictions Against Overnight Visitors in Custody Plan." Her rule contained a request for alternative relief. In response, Stephen filed a "Dilatory Exception of Unauthorized Use of Summary Proceeding, Peremptory Exception of Peremption, Peremptory Exception of No Cause of Action, and Request for Reasonable Attorney Fees."

On May 13, 2014, the trial court conducted a hearing on Erica's Rule to Annul Judgment. In her pre-trial memorandum, Erica admitted her rule to annul was not valid and should be dismissed; however, she requested that the court rule on her alternative relief. The trial court issued "Reasons for Ruling" on August 7, 2014, which included decretal language wherein the trial court dismissed Erica's rule to annul the judgment. The trial court denied Erica's alternative request to

---

[1] Stephen's child support payment was reduced from $1,167.76 to $800.14.

recalculate the child support. Also in August 2014, Stephen filed a "Motion to Modify Child Support and for Shared Custody." On August 13, 2014, the clerk of court issued a "NOTICE OF SIGNING OF JUDGMENT AND CERTIFICATE OF MAILING" stating:

> You are hereby notified that a Judgment was signed on **August 7, 2014 (REASON FOR RULING)** in the above numbered and entitled cause, a certified copy of said judgment being attached hereto and made a part hereof.

In September 2014, Erica filed a "Petition for Appeal" from the "final Judgment rendered in this matter on August 7, 2014."

## DISCUSSION

An appeal can only be had from a final judgment. La.Code Civ.P. art. 2083. Louisiana Code of Civil Procedure Article 1918 states: "A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." Pursuant to La.Code Civ.P. art. 1911, every final judgment must be signed by the judge, and no appeal can be taken until this requirement has been fulfilled. Written reasons for judgment cannot be substituted for a final judgment. *See City of Kaplan v. Mayard*, 92-1439 (La.App. 3 Cir. 1993), 616 So.2d 826. "A valid judgment must be precise, definite and certain. A final appealable judgment must contain decretal language, and it must name the part in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718, p.2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146 (citations omitted) (*quoting Jenkins v. Recovery Tech. Investors*, 02-1788, pp. 3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600).

2

There is no final appealable judgment in the record. The clerk of court's designation of the "Reasons for Ruling" as a judgment is simply insufficient to constitute a final judgment. Accordingly, Erica's appeal is dismissed as premature. All costs of this appeal are assessed to the plaintiff-appellant, Erica Carline Smith.

**APPEAL DISMISSED**.