■PITMAN, J.
| iPlaintiffs-Appellants Foster-Somerled Enterprises, LLC, d/b/a Roof or Consequences, LLC (“Foster”), and Somerled Construction, LLC (“Somerled”), appeal the judgment of the trial court granting the exceptions of no cause of action and no right of action in favor of Defendant-Ap-pellee GuideOne Mutual Insurance Company (“GuideOne”). For the following reasons, we affirm in part, reverse in part and remand for further proceedings.
FACTS
On September 4, 2015, Foster, a licensed home improvement contractor providing services as a roofing contractor for homes and small commercial projects, and Som-erled, a licensed commercial contractor, filed a petition for damages against St. Paul’s Episcopal Church, Shreveport, Louisiana (“St. Paul’s”); GuideOne; and Gui-deOne Taylor Ball Construction Services, LLC, d/b/a GC3 (“GC3”). In their petition, Plaintiffs alleged the following facts: In February 2014, Foster’s representative contacted St. Paul’s regarding possible hail damage to the church’s roof. St. Paul’s representative stated that its roof had been damaged and that its insurer, Gui-deOne, advised that the roof needed repairs to the ridge caps and if not repaired, the policy could be cancelled. Foster presented a contract to St. Paul’s to assist in making a claim on its insurance policy and to perform the repairs to the roof with the understanding that, if replacement was necessary, the contract would be assigned to Somerled or another general contractor and Foster would assume the role of a “not at risk” construction manager. St. Paul’s agreed and signed a contract with Foster, Foster then conducted an inspection of the entire roof system and determined that the damages [^sustained were significantly greater than initially presumed. It assigned the contract to Somerled as to the scope of the damage was beyond Foster’s licensing threshold. On behalf of St. Paul’s, Foster demonstrated to GuideOne the level of damage to the church’s roof and convinced GuideOne that the entire roof system needed to be replaced. The roof contained asbestos material, so Foster contacted an asbestos contractor to perform its removal and disposal. GuideOne was informed of the asbestos and the additional expenses required for the abatement. Foster also identified subcontractors and suppliers for certain aspects of the project. It informed St. Paul’s that the cost to replace the roof system was approximately $3,400,000, which would be paid by Gui-deOne under the insurance policy. Gui-deOne then requested a separate meeting with St. Paul’s and GC3, excluding Foster and Somerled. During the meeting, Gui-deOne and GC3 attempted to replace Foster and/or Somerled as the contractor. In late April or early May, St. Paul’s asserted that there was no binding contract with Somerled. St. Paul’s, GuideOne and GC3 *1194 then adopted a procedure to bid the project through GC3. They requested that Somerled bid on the project, but Somerled refused because it already had a contract with St. Paul’s to perform the work and because it could not engage in the bidding project as it was not allowed by Louisiana licensing laws because GC3 is an unlicensed contractor in Louisiana. St. Paul’s then notified Somerled that its contract was being terminated for convenience. Subsequent to termination, Somerled submitted its invoice to St. Paul’s for payment of the profit and overhead in the contract in the amount of $575,409.82. Foster submitted an invoice to St. Paul’s for its time expended as a construction manager on the project in the amount of $185,580. Plaintiffs advised St. Paul’s that upon payment toJjFoster, this would be credited against the amount owed to Somerled. At the date of the filing of the petition, the roof of the church had not been replaced.
In their petition, Plaintiffs argued that GuideOne and GC3 undertook a campaign to disparage the competency and defame the reputation of Foster and Somerled and dishonor, interfere with or otherwise cancel the binding contract of Foster and/or Somei’led with St. Paul’s. Specifically, they alleged that, in an attempt to coerce St. Paul’s to cancel the contract with Foster, GuideOne and GC3 disparaged the reputation of Foster and Somerled, attempted to convince St. Paul’s that Foster and/or Somerled were not competent to handle the project, threatened to cancel St. Paul’s insurance if it used Foster and/or Som-erled for the project, attempted to have St. Paul’s cancel the contract held by Som-erled, misrepresented to St. Paul’s that GC3 was a Louisiana-licensed contractor that could perform the work, advised St. Paul’s not to pay profit and overhead charged by Somerled under the contract and advised St. Paul’s that the project needed to be bid instead of honoring the contract with Somerled. They further argued that the actions of GuideOne, GC3 and St. Paul’s constituted unfair trade practices and that these actions resulted in the termination of the contract. They contended that they are entitled to damages in amounts to be proven at trial arising out of the unfair trade practices and defamation perpetrated by St. Paul’s, GuideOne and GC3, together with interest, attorney fees and all court costs.
On September 24, 2015, GuideOne filed an exception of no cause of action and no right of action. It argued that Plaintiffs had not stated a cause of action for damages for unfair trade practices because the applicable law, Louisiana’s Unfair Trade Practices and Consumer Protection Law L(“LUTPA”), exempts actions regulated by the Insurance Commissioner. It explained that Plaintiffs have no right of action for unfair trade practices because the Insurance Commissioner is the sole person who may assert a cause of action under the Insurance Code for unfair trade practices. It also argued that Plaintiffs failed to state a cause of action for defamation.
On January 28, 2016, Plaintiffs filed an opposition to the exceptions of no cause of action and no right of action. They argued that GuideOne failed to demonstrate that they do not have a right of action and that the allegations fall under the jurisdiction of the Insurance Commissioner. They further argued that they stated a cause of action for defamation by alleging that GuideOne made statements to St. Paul’s that Plaintiffs were not competent to handle the project.
A hearing on the exceptions was held on February 8, 2016. The trial court granted the exceptions and noted that defamation is listed in La. R.S. 22:1964(3) as an unfair method of competition and unfair or deceptive act or practice in the business of insurance and is under the jurisdiction of the *1195 Insurance Commissioner. On February 22, 2016, the trial court filed a final judgment sustaining GuideOne’s exceptions of no cause of action and no right of action and dismissing, with prejudice, all claims made by Plaintiffs against GuideOne at Plaintiffs’ cost.
Plaintiffs appeal the judgment of the trial court.
DISCUSSION

Unfair Trade Practices

Plaintiffs argue that the trial court erred in sustaining GuideOne’s exception of no cause of action and no right of action with respect to Plaintiffs’ claims of unfair trade practices under LUTPA. They contend that, |salthough the Insurance Commissioner has jurisdiction over certain actions enumerated in La. R.S. 22:1964, the allegations in this case do not fall into one of the categories of actions. They argue that, when an action is not enumerated in La. R.S. 22:1964, there is a claim under LUT-PA for that action. Therefore, they contend that they have a private right of action and cause of action against Gui-deOne under LUTPA.
GuideOne argues that Plaintiffs have no cause of action under LUTPA as the claims are controlled by La. R.S. 22:1961, et seq., and fall under the jurisdiction of the Insurance Commissioner. It contends that the trial court correctly determined that Plaintiffs failed to state a cause of action because all of the claims fell into the enumerated categories in La. R.S. 22:1964. It states that all of the claims asserted by Plaintiffs to be unfair and/or deceptive trade practices arise out of the claim for insurance brought by St. Paul’s with regard to the insurance contract issued by GuideOne. It argues that Plaintiffs have no private right of action because the claims are under the jurisdiction of the Insurance Commissioner.
Both the exception of no cause of action and the exception of no right of action present questions of law; and, therefore, the standard of review of the trial court’s action is a de novo review. Waggoner v. Am. First Ins., 42,863 (La. App. 2 Cir. 1/16/08), 975 So.2d 110. The function of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm’n, 94-2015 (La. 11/30/94), 646 So.2d 885. It is designed to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru S., 6Inc., 616 So. 2d 1234 (La. 1993). The function of the exception of no right of action is to determine whether a plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. Badeaux v. Sw. Computer Bureau, Inc., 05-0612 (La. 3/17/06), 929 So.2d 1211. It serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. Id.
LUTPA is set forth in La. R.S. 51:1401-1418, and La. R.S. 51:1405(A) states: “Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” Acts constituting unfair or deceptive trade practices are not specifically defined in the statute but are determined by the courts on a case-by-case basis. Harp v. Autrey, 47,749 (La. App. 2 Cir. 8/21/13), 121 So.3d 1260, writ denied, 13-2263 (La. 12/2/13), 126 So.3d 1286.
La. R.S. 51:1409 creates a private right of action for “[a]ny person who suffers any ascertainable loss ... as a result of the use *1196 or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405.” La. R.S. 51:1406(1) states that LUTPA shall not apply to “actions or transactions subject to the jurisdiction of ... the insurance commissioner.”
La. R.S. 22:2 provides that “[i]t shall be the duty of the commissioner of insurance to administer the provisions of [the Louisiana Insurance Code].” La. R.S. 22:1961 states:
The purpose of this Part is to regulate the trade practices in the business of insurance, in accordance with the intent of congress as expressed in Public Law 15-79th Congress, by defining or |7providing for the determination of all acts, methods, and practices which constitute unfair methods of competition and unfair or deceptive acts and practices in this state, and to prohibit the same.
La. R.S. 22:1963 states in part that “[n]o person shall engage in this state in any trade practice which is defined in this Part to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance.” La. R.S. 22:1964 sets forth a list of methods, acts and practices “declared to be unfair methods of competition and unfair or deceptive acts or practices in the business of insurance.” La. R.S. 22:1967 states:
The commissioner of insurance shall have power to examine and investigate the affairs of every person engaged in the business of insurance ... in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this Part.
An examination of La. R.S. 22:1964 demonstrates that the alleged unfair acts by GuideOne are not included in the enumerated unfair methods of competition and unfair or deceptive acts or practices in the business of insurance over which the Insurance Commissioner has jurisdiction. Therefore, Plaintiffs may have a private right of action pursuant to La. R.S. 51:1409.
LUTPA, however, does not provide Plaintiffs with a cause of action based on the facts alleged in their petition. Under LUTPA, a practice is unfair when it offends established public policy and is unethical, oppressive, unscrupulous or substantially injurious to consumers or business competitors. Monroe Med. Clinic, Inc. v. Hosp. Corp. of Am., supra, quoting Roustabouts, Inc. v. Hamer, 447 So.2d 543 (La. App. 1st Cir.8 1984). LUTPA does not prohibit sound business practices, the exercise of permissible business judgment or appropriate free-enterprise transactions. SDT Indus., Inc. v. Leeper, 34,655 (La. App. 2 Cir. 6/22/01), 793 So.2d 327, writ denied, 01-2558 (La. 2001), 803 So.2d 973.
The actions alleged by Plaintiffs in their petition do not demonstrate that GuideOne engaged in unfair business practices. Gui-deOne’s decision to bid the project is a sound business practice.
Accordingly, we find that Plaintiffs have not stated a cause of action in their petition. We grant Plaintiffs leave to amend their petition on this claim.

Defamation

Plaintiffs argue that the trial court erred in sustaining GuideOne’s exceptions with respect to Plaintiffs’ claim of defamation against GuideOne. Plaintiffs state that, although the exception was styled as no cause of action, the trial court granted an exception of no right of action. They argue that they have a right of action to bring their claim of defamation. They note that the trial court determined that La. R.S. 22:1964(3) applied to the defamation claim, but they argue that whether an alleged act *1197 falls under the jurisdiction of the Insurance Commissioner is only relevant to their claims under LUTPA, not their tort claim for defamation. They also argue that they have a cause of action for defamation and state that the trial court made no ruling regarding the sufficiency of their defamation claim. They contend that their allegations that GuideOne made false and defamatory statements regarding them and their capabilities are sufficient to prove their claim for defamation.
GuideOne argues that the trial court properly determined that the defamation claim falls under the jurisdiction of the Insurance Commissioner. [^However, should this court find that the defamation claim does not fall under the jurisdiction of the Insurance Commissioner, it argues that Plaintiffs have failed to state a cause of action for defamation and did not meet the burden of proof in an action for defamation.
La. R.S. 22:1964 states, in part:
The following are declared to be unfair methods of competition and unfair or deceptive acts or practices in the business of insurance:
* * *
(3) Defamation. Making, publishing, disseminating, or circulating, directly or indirectly, or aiding, abetting or encouraging the making, publishing, disseminating or circulating of any oral or written statement or any pamphlet, circular, article or literature which is false, or maliciously critical of or derogatory to the financial condition of an insurer, and which is calculated to injure any person engaged in the business of insurance.
This does not apply to Plaintiffs’ allegation of defamation because the alleged defamation is not critical of the financial condition of an insurer. The alleged defamation in this case is critical of Plaintiffs as contractors.
Further, La. R.S. 22:1964(12), which states that “any violation of any prohibitory law of the state” is an unfair practice, does not apply to the allegation of defamation because defamation is a tort claim, not a violation a prohibitory law.
Plaintiffs have a cause of action and a right of action to bring a tort claim of defamation against GuideOne. We will not address the merits of the defamation claim and whether Plaintiffs met the burden of proof for such a claim because these issues are to be addressed by the trial court on remand.
Accordingly, this assignment of error has merit. We grant Plaintiffs leave to amend their petition on this claim.
| ^CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the exception of no cause of action regarding Plaintiffs’ claim under LUTPA is affirmed. The judgment of the trial court granting the exceptions of no cause of action and no right of action regarding Plaintiffs’ claim of defamation is reversed. We grant Plaintiffs leave to amend their petition and remand for further proceedings. Court costs are to be divided equally between Defendant-Ap-pellee GuideOne Mutual Insurance Company and Plaintiffs-Appellants Foster-Som-erled Enterprises, LLC, d/b/a Roof or Consequences, LLC, and Somerled Construction, LLC.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.