# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-237


MCKINLEY TAYLOR

VERSUS

CAJUN CONSTRUCTORS, INC.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-3448
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Phyllis M. Keaty, John E. Conery, and Van H. Kyzar, Judges.


**APPEAL DISMISSED WITHOUT PREJUDICE.
REMANDED WITH INSTRUCTIONS.**


J. Craig Jones
Jones & Hill, LLC
131 Highway 165 South
Oakdale, Louisiana 71463
(318) 335-1333
Counsel for Plaintiff/Appellee:
     McKinley Taylor

**Craig Ray Hill**
**Jones & Hill, LLC**
**Post Office Box 1260**
**Oberlin, Louisiana  70655**
**Counsel for Plaintiff/Appellee:**
      **McKinley Taylor**

**Eric R. Miller**
**The Kullman Firm, APLC**
**4605 Bluebonnet Boulevard, Suite A**
**Baton Rouge, Louisiana  70809**
**(225) 906-4250**
**Counsel for Defendant/Appellant:**
      **Cajun Constructors, Inc.**

**KEATY, Judge.**

This court issued a rule ordering Appellant/Defendant, Cajun Constructors, Inc., to show cause, by brief only, why its appeal should not be dismissed for lack of a final judgment. *See* La.Code Civ.P. art. 2083. For the reasons that follow, we dismiss the suspensive appeal, but remand the matter with instructions and for supplementation.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, McKinley Taylor, filed suit against Defendant for unpaid wages during his employment with Defendant as a carpenter from March 16, 2012, through March 19, 2013. Following a trial on the merits, on October 24, 2017, the trial court issued a six-page untitled document which appears to be written reasons for ruling as opposed to a final judgment. The trial court found therein that Taylor was never paid a per diem upon which the parties had agreed for his first week of work. The trial court also found that Defendant's failure to pay the daily per diem was not in good faith and awarded penalty wages and attorney fees as provided in La.R.S. 23:632.

On December 4, 2017, Defendant filed a motion for suspensive appeal. The order of appeal was signed on January 11, 2018. In due course, the record was lodged in this court, at which time a rule was issued ordering Defendant to show cause why the appeal should not be dismissed for the above-stated reason. Defendant timely filed its brief in response to the rule wherein it acknowledges that the October 24, 2017 written reasons for ruling did not contain the necessary decretal language, "ORDERED, ADJUDGED AND DECREED," as repeatedly suggested by this court. *See GBB Props. Two, LLC v. Stirling Props., LLC*, 17-384 (La.App. 3 Cir. 7/5/17), 224 So.3d 1001; *Barlow v. Barlow*, 13-1092 (La.App. 3 Cir. 10/23/13), 161 So.3d 24; *Parker v. S. Am. Ins. Co.*, 578 So.2d 1021 (La.App. 3

Cir.), *rev'd on other grounds*, 590 So.2d 55 (La.1991). Defendant also acknowledges there is no separate document apart from the written reasons as contemplated by La.Code Civ.P. art. 1918.

Defendant explained that, faced with the uncertainty of a delay period for appealing the ruling as to liability, it "opted to preserve its right to appeal" the October 24, 2017 ruling. Nevertheless, it agrees that the subject ruling "does not appear to be a final appealable judgment according to this Court's precedent." Defendant also notes that the trial court has not yet determined the amount of attorney fees to be awarded. As such, Defendant requests that this court retain the lodged record, dismiss the appeal without prejudice, and remand the case to the trial court for the entry of a judgment, allowing reasonable time for the resolution of the attorney fees issue and supplementation of the record with the matters being docketed for final disposition by this court.

## DISCUSSION

In *Barlow*, 161 So.3d at 26-27, this court addressed the exact issue herein:

> "Appeals are taken from the judgment, not the written reasons for judgment." *Greater New Orleans Expressway Comm'n v. Olivier*, 02-2795, p. 3 (La.11/18/03), 860 So.2d 22, 24. "A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." La.Code Civ.P. art. 1918. "A judgment and reasons for judgment are two separate and distinct documents." *Olivier*, 860 So.2d at 24. "A valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146 (quoting *Jenkins v. Recovery Tech. Investors*, 02-1788 (La.App. 1 Cir. 6/27/03), 858 So.2d 598) (citations omitted).
>
> Louisiana Code of Civil Procedure Article 1918 was enacted to avoid confusion and recording of lengthy opinions. *Hinchman v. Int'l Bhd. of Elec. Workers, Local Union No. 130*, 292 So.2d 717 (La.1974). Thus, the trial court's disregard of La.Code Civ.P. art. 1918 does not automatically nullify a judgment, and the article should

2

not be applied mechanically. *Id.* As long as the instrument contains the essentials of a judgment, it should be regarded as a valid judgment. *Id.* In *Hinchman*, the court reasoned:

> Except for the inclusion of reasons, this instrument contains the essentials of a judgment. The document rendered on December 14, 1972 determines the rights of the parties and awards the relief to which they are entitled. C.C.P. 1841. The final judgment was read and signed by the judge in open court. C.C.P. 1911. The instrument is identified as a final judgment by appropriate language. C.C.P. 1918.

*Id.* at 719. Where an instrument titled "Reasons for Judgment" was argued to constitute a judgment for the purposes of appellate delays, this court reasoned:

> We see a distinction in the facts of *Hinchman* and the facts of the case before us. Here, the parties were not alerted in the title, as they were in *Hinchman*, that what followed was intended to be a judgment. The parties might have reasonably assumed that the title "REASONS FOR JUDGMENT" was meant to convey the fact that reasons were all that was intended by the document. Further, in *Hinchman*, the language of the judgment in that case concluded with a formal decree employing the words "IT IS ORDERED, ADJUDGED AND DECREED that. . . ." In the case before us the document appears to be nothing more than reasons for judgment but concludes with the one sentence reading: "Accordingly[,] the exception of prescription is maintained and plaintiff's suit is dismissed at her costs." While this language is no doubt technically sufficient to constitute a valid decree, we feel that it is of such an ambivalent nature following what was so far reasons for judgment, that counsel were not placed on adequate notice that the document was intended to be a judgment.

*Parker v. S. Am. Ins. Co.*, 578 So.2d 1021, 1023-24 (La.App. 3 Cir.), *rev'd on other grounds*, 590 So.2d 55 (La.1991).

In the instant case, the document at issue has no title, but the notation "WYATT, J," the name of the trial judge, appears at the beginning of the six-page document. The document discusses the law and evidence of the case and concludes:

> Applying the applicable law as it relates to amounts due and potential penalties this Court determines that this employer – Cajun –

failure to pay wages due - $75.00 per day per diem, was not in good faith. The evidence clearly reflects that there was an acknowledged confusion or reflection of disconnect between the person who hired Taylor and the person who actually made the call of the eligibility for per diem. Documentation clearly reflects that corrections were made by Cajun to address the issue, but all without addressing the matter of what had already been determined to have been an offer, and subsequent failure to pay an employee. Applying the above referred to penalty provision, Taylor is owed additional "wages" of $75.00 per day per diem, for the week of March 16, 2012, with [sic] comes to an addition [sic] $375.00. And for 90 days extra per diem which by this court[']s calculation is an additional $6,750.00. The matter of attorney fees also provided for in LSA-R.S. 23:632, will be awarded. Plaintiff counsel is permitted to submit a post trial attorney fee application documenting counsel's time and expenses which will be considered by the Court with defense counsel given the opportunity to address and/or dispute. All other Court costs to defendant.

We find that, because of the lack of a title on the aforementioned document, it fails to alert the parties that what followed was intended to be a judgment. Thus, the parties could have reasonably assumed that the document was intended to convey only the trial court's reasons for ruling. Additionally, in the absence of a separate document and/or the lack of a formal decree employing the words "IT IS ORDERED, ADJUDGED AND DECREED that. . . ," we conclude that the document appears to be nothing more than the trial court's reasons for ruling. Although the language may be technically sufficient to constitute a valid decree, we find that parties were not placed on adequate notice that the document was intended to be the final judgment.

Accordingly, we find that there was no final judgment from which Defendant could appeal.

## DECREE

For all the reasons given herein, this court lacks jurisdiction to consider the merits of Defendant's appeal without a final judgment. We dismiss this appeal without prejudice and remand the matter to the trial court for the entry of a final judgment. The trial court is instructed that a judgment shall be rendered within

4

sixty days of the issuance of this opinion. In keeping with *Simple Enterprises, Inc. v. Texas Property*, LLC, 17-222, p. 1 (La.App. 3 Cir. 11/2/17) (unpublished opinion), this record will "remain lodged in this court and the final judgment on remand may be added to supplement this record."

**APPEAL DISMISSED WITHOUT PREJUDICE. REMANDED WITH INSTRUCTIONS.**