NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-916

IN RE:

THE COMMITMENT OF

DERRICK COLE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 5762
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Candyce G. Perret, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.
REMANDED WITH INSTRUCTIONS.

Laura Picard
Advocate Attorney
c/o Central State Hospital,
Building 2, Suite 231
Post Office Box 5031
Pineville, Louisiana 71361-5031
(318) 484-6347
Counsel for Defendant and Plaintiff in Reconvention and Petitioner/Appellant:
    Derrick Cole

**Stephanie M. Borghardt**
**Jenna G. Young**
**Attorneys at Law**
**Louisiana Department of Health**
**Bureau of Legal Services**
**628 North 4th Street, 8th Floor**
**Baton Rouge, Louisiana  70802**
**(225) 342-1128**
**Counsel for Plaintiff and Defendant in Reconvention/Appellee:**
     **Louisiana Department of Health**

**William Coco**
**Attorney at Law**
**Louisiana Department of Health**
**Bureau of Legal Services**
**5604 Coliseum Boulevard, Suite B**
**Alexandria, Louisiana  71301**
**(318) 487-5282, Extension 252**
**Counsel for Plaintiff and Defendant in Reconvention/Appellee:**
     **Louisiana Department of Health**

**KEATY, Judge.**

This court, on its own motion, issued a rule to Appellant, Derrick Cole (Cole), to show cause, by brief only, why his appeal should not be dismissed for having been taken from "written reasons" that lack proper decretal language with respect to the granting of the declinatory exception of improper venue filed on behalf of the Louisiana Department of Health (LDH). *See State in the Interest of C.D.W. v. T.R.W*, 17-1008 (La.App. 3 Cir. 12/6/17), ___ So.3d ___; *Dietz v. Dietz*, 13-186 (La.App. 3 Cir. 11/6/13), 128 So.3d 1215; and La.Code Civ.P. arts. 1841 and 1918. Cole did not respond to the rule. For the reasons that follow, we dismiss his appeal without prejudice and remand the matter to the trial court for further proceedings in accordance with this opinion.

## FACTS AND PROCEDURAL HISTORY

In March of 2017, Cole was admitted to Central State Hospital in Rapides Parish, and when he was unable or unwilling to continue treatment on a voluntary basis, the Medical Director filed a petition for judicial commitment. An attorney from the Mental Health Advocacy Service, who was appointed to represent Cole, filed an answer to the petition as well as a reconventional demand[1] alleging that Cole had been over-sedated and that his rights to a placement that was least restrictive to his liberty had been violated. The LDH filed exceptions to the reconventional demand.

On August 27, 2017, the parties entered into a consent judgment which, in part, ordered that Cole be discharged into a lesser restrictive facility. When a review hearing was held, the parties stipulated that progress was being made to find a lesser restrictive placement. At a review hearing held on May 8, 2018, the

---

[1] On September 21, 2018, the trial court noted that Cole's reconventional demand was moot. This notation was made on a proposed order to set the reconventional demand for hearing.

trial court was advised that Cole had been discharged from Central State Hospital on March 2, 2018, and placed in a lesser restrictive facility in Lake Charles, Louisiana.

On August 17, 2018, Cole was admitted to Lake Charles Memorial Hospital and transported to East Louisiana Mental Hospital (ELMHS) in East Feliciana Parish, Louisiana. Cole filed a petition for habeas corpus, alleging that his admission to ELMHS was against his will. This petition was filed in the Ninth Judicial District Court, Rapides Parish. LDH filed exceptions of no cause of action and improper venue. A hearing was held on August 30, 2018, and on September 6, 2018, the trial court issued written reasons granting the exceptions on the ground that no petition for judicial commitment was pending and 180 days had expired since Cole was discharged from Central State Hospital. The trial court found that it had no continuing jurisdiction of Cole's previous commitment and that the proper venue for any new proceedings would be the parish where Cole is presently housed.[2]

On October 30, 2018, Cole filed a motion for appeal; however, the motion does not specify which order or judgment is the subject of the appeal. The order of appeal was signed on November 7, 2018. When the record was received by this court, a rule was issued ordering Cole to show cause why the appeal should not be

---

[2] We note that the granting of a declinatory exception of venue may result in either an interlocutory or final judgment depending on the relief granted. If the matter is transferred to a different venue, "an adverse ruling on venue is interlocutory in nature[,]" and, "in order to obtain review of the ruling, the party adversely affected thereby *must* immediately apply for supervisory relief." *Blow v. OneBeacon Am. Ins. Co.*, 16-301, p. 2 (La.App. 4 Cir. 4/20/16), 193 So.3d 244, 247 (citations omitted), *writ denied*, 16-954 (La. 9/6/16), 204 So.3d 1002. If the granting of an exception of improper venue results in the dismissal of the action, it is a final, appealable judgment. *See* La.Code Civ.P. art. 1841. In this case, however, the trial court also granted the peremptory exception of no cause of action, which would be a final judgment if it contained proper decretal language dismissing Cole's claims. *See Foster-Somerled Enters., LLC v. St. Paul's Episcopal Church*, 51,063 (La.App. 2 Cir. 1/11/17), 212 So.3d 1191. Thus, even if the ruling on venue in this matter results in an interlocutory ruling, that ruling would be subject to review on appeal along with the granting of the exception of no cause of action. *See Sonnier v. State, Dep't of Transp. and Dev.*, 18-73, 18-74, 18-75 (La.App. 3 Cir. 6/6/18), 249 So.3d 51.

dismissed as having been taken from written reasons for judgment that lacked proper decretal language. Cole did not respond to the rule.

## DISCUSSION

"Before considering the merits in any appeal, appellate courts have the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue." *Gabriel v. Delta Air Lines, Inc.*, 16-210, p. 2 (La.App. 5 Cir. 10/19/16), 202 So.3d 1184, 1185. Appellate courts "cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment." *Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 14-506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910. "A valid judgment must be precise, definite and certain," meaning that it must include decretal language, name the parties in whose favor the ruling is made and against whom the ruling is made, and state what relief is granted or denied. *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc.*, 10-477, pp. 12-13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915-16. "The result decreed must be spelled out in lucid, unmistakable language." *Id*. at 916.

Louisiana Code of Civil Procedure Article 1918 provides that "[a] final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." "Written reasons for judgment cannot be substituted for a final judgment." *Smith v. Smith*, 14-1238, p. 2 (La.App. 3 Cir. 4/15/15), 176 So.3d 1093, 1095. This rule, however, has not been mechanically applied to automatically nullify written reasons as a final, appealable judgment, and where the written reasons contain the "essentials of a judgment, [they] should be regarded as a valid judgment." *Taylor v. Cajun Constructors, Inc.*, 18-237, p. 3 (La.App. 3 Cir. 5/2/18), 246 So.3d 837, 839, *quoting Barlow v. Barlow*, 13-1092, p. 3

3

(La.App. 3 Cir. 10/23/13), 161 So.3d 24, 27.[3] In order to be considered as a valid final judgment, the written reasons must "determine[] the rights of the parties and award[] the relief to which they are entitled." *Brown v. Bill Hood Ford, LLC*, 15-1636, p. 2 (La.App. 1 Cir. 1/31/17) (unpublished opinion).

In this instance, the trial court's written reasons indicate that the exception of venue was filed on behalf of LDH and grants the exception, but the written reasons do not dispose of or dismiss Cole's claims. No result is spelled out, and no relief is granted. Therefore, the written reasons issued by the trial court in this case lack the appropriate decretal language for this court to consider them to be a valid final judgment. *See Gonzalez v. Jimmerson*, 17-972 (La.App. 3 Cir. 12/6/17), ___ So.3d ___.[4]

Accordingly, this appeal must be dismissed. When the trial court renders a final judgment with proper decretal language granting the exceptions of venue and no cause of action and dismissing Cole's claims in their entirety, Cole may file a new appeal with this court. *Id.*

### DECREE

For the reasons given, this court lacks jurisdiction to consider the merits of this appeal because it was taken from written reasons for judgment that lack proper decretal language. Accordingly, this appeal is dismissed without prejudice, and the matter is remanded to the trial court with instructions to sign a judgment containing proper decretal language no later than January 31, 2019.

---

[3] In *Taylor*, 246 So.3d at 840, this court found that the document that was asserted to be a final, appealable judgment did not contain a title and "fail[ed] to alert the parties that what followed was intended to be a judgment." Therefore, we refused to consider the reasons for ruling as a final judgment.

[4] In *Gonzalez*, ___ So.3d at ___, the appealed judgment stated: "**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' *Peremptory Exception of Prescription* is **SUSTAINED**." Costs were assessed to the plaintiff. This court found that the judgment lacked proper decretal language "because it [did] not state whether any or all of the claims of [plaintiff] are dismissed." *Id*.

4

**APPEAL DISMISSED WITHOUT PREJUDICE. REMANDED WITH INSTRUCTIONS.**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.